## 19406

CRITERION INSURANCE COMPANY, Respondent, v. Donald L. HOFFMANN and John Doe, Defendants, of whom Donald L. Hoffmann is Appellant.

(188 S. E. (2d) 459)

*Messrs. William Y. Rast, Jr.,* of Lexington, and *Lee* and *Ball, P.A.,* of Columbia, *for Appellant,*

*George E. LaFaye,* III, *Esq.,* of *Lumpkin & LaFaye,* Columbia, *for the Respondents,*

May 1, 1972.

LITTLEJOHN, JUSTICE:

The defendant, Donald L. Hoffmann, obtained a default judgment for $10,000 actual damages plus $5000 punitive damages against "John Doe", an unknown motorist in an action commenced in the Richland County Court pursuant to our uninsured motorist law, § 46-750.31 *et seq.*, S. C. Code Ann. (1962). Actual damages were for property loss and personal injuries. Plaintiff Criterion Insurance Company, (Hoffmann's own automobile liability insurance carrier) subsequently commenced this declaratory judgment

action in the Court of Common Pleas of Richland County (Section 10-2001 *et seq.*, S. C. Code) asking to be declared not liable for payment of the default judgment. From an order of that court barring Hoffmann's recovery of uninsured motorists benefits under his Criterion policy, Hoffmann has appealed.

On February 17, 1969, Criterion issued and delivered to Hoffmann an automobile liability insurance policy; it included collision coverage. The policy contained the endorsement required by law (Section 46-750.33 of the Code) providing coverage for Hoffmann's bodily injuries and property damage caused by uninsured automobiles. "Uninsured automobile," as defined in the policy, includes hit-and-run vehicles or unknown motorist. (See Section 46-750.31 of the Code.)

On June 4, 1969, the following letter was written by Criterion to Hoffmann:

"Our records indicate that a non-payment cancellation notice was issued to be effective May 16, 1969. Because the notice was sent to an incorrect address, because your name was spelled with only one 'n', the following notice is given to allow you additional time to make your payment:

*"The Insurance Provided by the policy as numbered above is hereby terminated as of 12:01 A. M., on June 15, 1969.*

"If you will send us the amount due of $43.35 before the effective date of the above notice your insurance will continue without lapse. Please remember checks, drafts and money orders are subject to collection only.

"We look forward to hearing from you soon."

Hoffmann's car was sideswiped by a hit-and-run driver near Saluda, North Carolina on Friday, June 13, 1969, two days prior to the termination date set forth in Criterion's letter. The local policeman was promptly notified, and, with Hoffmann's assistance he commenced a search for the truck.

Hoffmann and the police were unable to locate the truck or its driver. He filled out a report and proceeded to Columbia where he was stationed at Fort Jackson.

On the following day (Saturday), pursuant to instructions supplied with the policy, Hoffmann went to the Columbia office of Gay and Taylor, adjusters, and delivered a copy of the accident report. He was instructed to return to the office on Monday. On the report as relates to personal injuries he stated "none to my knowledge."

On Monday, June 16th, Hoffmann drove back to Saluda and picked up a copy of Officer Smith's police report. Smith had not positively determined the identity of the hit-and-run vehicle. However, his report bore the notation "Rural Trash Truck . . . Truck believed to belong to Austin Lively, Hendersonville, N. C." Hoffmann returned to Columbia on the same day and delivered to Gay and Taylor a copy of the police report.

On June 21 he employed an attorney. June 23 he saw Dr. John Riley, a physician (not a military doctor) in the city of Columbia.

On June 23, 1969, a summons styled *"Donald L. Hoffmann v. John Doe"* was filed in the Richland County Court. On June 24 a copy of the summons was served on Criterion through the South Carolina Insurance Commissioner. Under our statute insurance companies may be served by delivering papers to the Commissioner. No complaint was filed or served with the summons. The Commissioner forwarded the summons to Criterion and called attention to Section 46-750.33 of the Code.

A Complaint and affidavit of default were filed with the clerk of court and a trial held on July 25, 1969, before the Honorable Legare Bates, Judge of the Richland County Court, without a jury. Hoffmann and his sister described his physical condition. Hoffmann was awarded $10,000 actual damages and $5,000 punitive damages against "John Doe."

Criterion made no appearance and filed no pleadings in that action.

Criterion, in its declaratory judgment action now before us, averred: that Hoffmann first reported the collision to Criterion on June 16, 1969, filing with their adjuster a written report dated June 13, 1969, in which he stated that there were no personal injuries to his knowledge; that Hoffmann for the first time on July 10, 1969, indicated that he had experienced headaches and neck injuries; that Criterion believed that it might be called upon to pay Hoffmann's judgment against "John Doe;" and that Hoffmann's policy afforded him no coverage for the reason, among others, that the summons and complaint in the "John Doe", action were not served upon Criterion as prescribed in the policy and as prescribed by statute. Criterion prayed for an order declaring that Hoffmann has no rights against it under the uninsured motorist provision of the insurance contract.

Hoffmann's Answer denied that he failed to serve the summons and complaint upon Criterion "as required by law." It further alleged: that Hoffman's attorney had notified Criterion's adjuster of the uninsured motorist suit early in July 1969; that the adjuster informed Hoffmann's attorney that Criterion's attorney would probably contact him (Hoffmann's attorney); that the adjuster on July 25, 1969, notified Hoffmann's attorney that the policy had been cancelled on May 16, 1969, for non-payment of premium; and that Criterion had failed to make an appearance in the "John Doe" action solely because it was of the opinion that the policy had been so cancelled. Hoffmann prayed for dismissal of this suit.

The evidence shows that on July 10, Dennis Walker, adjuster for Gay and Taylor, went to Fort Jackson to talk with Hoffmann about his collision coverage. Until that time Hoffmann had not indicated to Criterion or its agents that he had suffered any personal injuries. The written report required by the terms of the policy, and signed by Hoffmann,

justified the belief by Criterion until July 10 that there were no personal injuries. On that day Hoffmann orally told Walker that he had "been seeing a doctor because I had been having pains in the back of my neck and at the base of my skull and I'd been seeing a doctor because of the pain and he had been putting me on a prescription and a neck brace." This was four days before the "John Doe" action went into default on July 14.

Hoffmann testified that he developed headaches on June 16 and saw Dr. Riley first on June 23, and weekly until he left the Columbia area on August 27.

Later Criterion notified Hoffmann's attorney that there was no coverage. The date of giving such notice is not completely settled; there is some testimony that it was the 24th, 25th or 28th of July. In the interim between the date of the collision and the date of the denial of coverage Criterion had attempted unsuccessfully to locate the hit-and-run driver. Criterion does not now deny coverage, but takes the position that the judgment rendered is not collectible because of Hoffmann's failure to comply with the statute and the policy provisions.

The issues were referred to the Honorable Harry M. Lightsey, Master in Equity for Richland County. The master took the evidence and concluded that Hoffmann's failure to serve Criterion with a complaint as well as a summons in the "John Doe" action barred his recovery of uninsured motorist benefits under the policy. This conclusion was affirmed by the trial judge and it is the validity of that holding which constitutes the cardinal issue on this appeal.

The automobile liability insurance policy was originally designed to afford protection for the automobile owner against claims and suits arising from accidents with other motorists. Later on, in order to benefit innocent injured persons, the states began enacting Financial Responsibility Acts which, under varying provisions, made the carrying of liability insurance compulsory or nearly compulsory. Still

later, the uninsured motorist endorsement became a common feature of such insurance. This endorsement was designed to close a gap in the previous coverage by protecting those injured by the financially irresponsible motorist and the hit-and-run operator or unknown motorist.

The right to sue and collect from one's own liability insurance carrier in case of a loss caused by a hit-and-run driver or other driver of an uninsured automobile is a creature of the legislature. Except for the statute, and endorsements required, no right exists to recover from one's own insurance carrier. One must look to the terms of the uninsured motorist statute and policy endorsements and comply therewith to get the benefit of law.

Both our statute and the policy endorsements here involved require the service of a complaint. Other actions may be commenced by service of a summons only. (See Sections 10-401 and 10-633 of the Code). For reasons satisfactory to the legislature, service of the "pleading's" is required in the usual uninsured motorist suit; and service of the "summons and complaint" is required in a suit involving an unknown motorist or hit-and-run vehicle. It is the province of the lawmakers to create a right of action, to provide for process and to declare the procedure for collecting from one's own insurance carrier. They did just that.

Our statutes pertaining to uninsured motorist coverage contain the following provisions:

\* \* \*

"A motor vehicle shall be deemed to be uninsured if the owner or operator thereof be unknown, *provided, that recovery under the uninsured motorist provision shall be subject to the conditions hereinafter set forth.* § 46-750.31 (3), S. C. Code Ann. (1962). [Emphasis added].

". . . The Chief Insurance Commissioner may prescribe the form to be used in providing such coverage and when

prescribed and promulgated no other form may be used. *No action shall be brought under the uninsured motorist provision unless copies of the pleadings in the action establishing such liability are served in the manner provided by law upon the insurance carrier* writing such uninsured motorist provision. . . . *Id* § 46-750.33. [Emphasis added.].

"If the owner or operator of any vehicle causing injury or damages by physical contact be unknown, an action may be instituted against the unknown defendant as 'John Doe' and service of process may be made *by delivery of a copy of the summons and complaint or other pleadings* to the clerk of the court in which the action is brought . . . " *Id.* § 46-750.35. [Emphasis added].

The uninsured motorist endorsement includes the following which we find to be not inconsistent with the statute. The provisions are prescribed by the Insurance Commissioner pursuant to Section 46-750.33 quoted above.

"2. Proof of Claim. As soon as practicable, the insured or other person making claim shall give to the company written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable hereunder . . . .

\* \* \*

"4. Notice of Legal Action. If, before the company makes payment of loss hereunder, the insured or his legal representative shall institute any legal action for bodily injury or property damage against any person or organization legally responsible for the use of an automobile involved in the accident, a copy of the summons *and complaint* or other process served in connection with such legal action shall be forwarded immediately to the company by the insured or his legal representative. [Emphasis added].

"8. Action Against Company. *No action shall lie against the company unless, as a condition precedent thereto, the insured or his legal representative has fully complied with all the terms of this amendment."* [Emphasis added].

The terms of the statute and the policy which we have quoted are clear and not ambiguous. This being true, there is no room for construction and we are required to apply the statute according to its literal meaning. Most courts take a liberal view when dealing with the question of coverage; however, the procedural obligations that the insured must discharge in order to recover, since they are prescribed by statute, are viewed by the courts as mandatory, and strict compliance with them is a prerequisite to recover.

It is undisputed that Hoffmann failed to serve a complaint as required by the statute in the "John Doe" action. His failure to serve a complaint along with the summons violated several terms of both the statute and the policy. For such failure he offers no excuse. The burden of proving excuse for non-performance of the provisions of a policy is on the insured. 7 Am. Jur. Automobile Insurance § 139.

The statute creating the right has set forth the procedure for enforcing the right. Counsel for Hoffmann argues that the statute does not require service of a complaint even though it is specifically spelled out. He argues that since the statute requires him to serve pleadings "in the manner provided by law" he may proceed under the general statute. We think this position untenable.

The argument fails to consider several matters. First of all, Section 46-750.33 calls for service of the pleadings on the insurance carrier, and Section 46-750.35 calls for service of summons and complaint or other pleadings on the clerk. "Pleadings" are defined as "the formal allegations by the parties of their respective claims and defenses, for the judgment of the court." Black's Law Dictionary. It goes without

saying that a summons is not a pleading; certainly it is not a complaint.

Secondly, Code Sections 46-750.31 through 46-750.35 exclusively govern the manner in which an action is brought against an uninsured motorist. Sections 10-401 and 10-633 deal with the bringing of civil suits in general. Obviously the legislature for good reason did not want to use the usual procedure. General and special statutes should be read together and harmonized if possible. But to the extent of any conflict between the two, the special statute must prevail. *Culbreth v. Prudence Life Ins. Co.,* 241 S. C. 46, 127 S. E. (2d) 132 (1962) ; 82 C. J. S. Statutes § 369.

There is yet a third flaw in Hoffmann's reasoning. Prior to 1963 our statute dealing with this matter read as follows:
" . . . and service of process may be made by delivery of a copy of the motion for judgment or other pleadings to the clerk of the court in which the action is brought and service upon the insurance company issuing the policy shall be made as prescribed by law as though such insurance company were a party defendant." Code § 46-750.16.

The above section was repealed in 1963. Today the matter of service is treated in Sections 46-750.33 and 46-750.35. When read together, they provide that:
" . . . and service of process may be made by delivery of a copy of the summons and complaint or other pleadings to the clerk of the court in which the action is brought. . . . [§ 46-750.35] No action shall be brought . . . unless copies of the pleadings . . . are served in the manner provided by law upon the insurance carrier. . . . [§ 46-750.33]."

We think that the change in the language is significant. It is presumed that the legislature was familiar with the terms of the existing statute when the new sections were enacted. *Bell v. S. C. State Hwy. Dept.,* 204 S. C. 462, 30 S. E. (2d) 65 (1944), and that the legislature acted with a purpose in changing these terms. This pur-

pose obviously included a requirement that a complaint be filed when an uninsured motorist action is commenced and that a copy of the complaint be served upon the insurance carrier. The statute made service of a copy of the complaint upon Criterion a condition precedent to Hoffmann's recovery. If it is advisable that the statute be changed, it is within the province of the legislature to do so. For the courts "to set about to relieve against the consequences of the insured's neglect under the facts and circumstances of this case would inevitably lead to the establishment of a mischievous precedent, and to great uncertainty and confusion in the determination of future cases of a similar nature. It is needless to describe the effects of such a condition of things in order to appreciate the necessity of avoiding it." *Boyle Road & Bridge Co. v. American Employers' Ins. Co.,* 195 S. C. 397, 11 S. E. (2d) 438.

Has Criterion waived its right to contest the failure to serve a complaint as contended by Hoffmann?

Certainly Criterion had done nothing between June 13, the day of the collision, and June 24, the date summons without complaint was served, to justify Hoffmann's believing that requirements of the statute and policy provisions need not be fulfilled.

The contention that Criterion waived its right to contest the manner of service by denying liability is not sound. Criterion's investigation continued until July 24 or 25 by Mr. Edmiston of the Asheville, North Carolina, office of Gay and Taylor. Under Hoffmann's theory, the right to contest expired upon default July 14. Under no theory may one waive a right which does not exist.

The filing of a complaint with the clerk on day of trial is no effective notice affecting Criterion. The master and the lower court concurred in their finding that Hoffmann had not proved waiver by Criterion of its right to demand strict compliance. Such finding on a question of fact will not be distrubed by this Court unless

without evidentiary support or clearly against the preponderance of the evidence.

Neither Hoffman nor Criterion is without fault in bringing about the need for court determination of the disputes before us.

Apparently, so far as the record shows, no premium was paid for the period of time, May 16 to June 15, during which the collision occurred. Hoffmann led Criterion to believe that he was not injured. He had been to Dr. Riley three times before he told Criterion he was hurt. His attorney did not serve the complaint as required by statute and the policy, and no excusable reason for such failure appears.

On the other hand, Criterion's conduct of the matter is not to be commended. Until *about* July 25 it led Hoffmann to believe that the policy was in effect. It then denied coverage. It now admits coverage for June 13, the day of the collision. Regardless of the fact that no complaint was served, the summons and letter from the Insurance Commissioner alerted it to the claim. Under all of the facts it may be logically argued that Criterion gave to the whole matter less attention than it was due.

The cases of *Gunnels v. American Liberty Ins. Co.,* 251 S. C. 242, 161 S. E. (2d) 822 (1968), and *Washington v. National Service Fire Ins. Co.,* 252 S. C. 635, 168 S. E. (2d) 90 (1969), and *Squires v. National Grange Mutual Ins. Co.,* 247 S. C. 58, 145 S. E. (2d) 673 (1965), relied on by counsel for Hoffmann, involved different factual situations and are not controlling here. The case of *Hatchett v. Nationwide Mutual Ins. Co.,* 244 S. C. 425, 137 S. E. (2d) 608 (1964), cited by Criterion, is not factually similar to the case before us; however, the reasoning is influencing.

We find no case in this State wherein the insured failed to serve a complaint, taking the position that such was not necessary. The precedent which Hoffmann would have this Court establish is inconsistent with the statute and the endorsements and would invite litigants to neglect the pro-

cedures obviously intended by the legislature and clearly declared in the statute.

We agree with the ruling of the lower court that the default judgment is ineffective to bind Criterion and to that extent the judgment of the lower court is affirmed. It does not follow, however, that Hoffmann is thereby barred from the recovery of uninsured motorist benefits as the lower court held.

Nor, upon the record before us, would we be justified in holding, as the lower court inferentially if not explicitly held, that Hoffmann is barred from the recovery of uninsured motorist benefits for failure to comply with paragraph 2 of the endorsement with respect to giving notice of his injuries "as soon as practicable". The success or failure of further pursuit of his claim must depend on the factual showing applying established legal principles.

The right of Hoffmann to pursue his collision coverage is not involved in this action.

Affirmed in part and reversed in part.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.