## 22923

Annie Lou BISHOP, Executrix of the Estate of Gessie Thompson, Deceased, Respondent v. Inez BATTLE, Eddie James Johnson, Josephine Gray, Sally Hunter, Ruby Dawkins, Iris Johnson, McElroy Johnson, Lillian Sims, Bernice Arrington, Harin Thompson, Harold Thompson, and Clarence Thompson, Jr., Defendants.
Appeal of Harold THOMPSON.

(374 S. E. (2d) 497)

Supreme Court

Heard Oct. 18, 1988.

Decided Nov. 14, 1988.

CHANDLER, Justice:

Appellant Harold Thompson (Thompson) excepts to the Circuit Court's dismissal of his appeal from an order of the Probate Court. We reverse and remand.

Respondent Annie Lou Bishop (Bishop) commenced this action in the Probate Court of Union County to prove the will of the decedent, Gessie Thompson (Gessie). Thompson and other defendants contested the will, contending that Gessie's signature was a forgery.

After a hearing on July 10, 1987, the Probate Court admitted the will to probate. Although the Court advised that a written order would be entered that day, the order was not filed until July 15, 1987. In the interim, on July 11, 1987, Thompson, acting *pro se*, filed exceptions to the ruling.

Thereafter, Bishop moved the Circuit Court to dismiss the appeal, alleging that Thompson had failed to timely file his grounds of appeal as required by S. C. Code Ann. § 62-1-308(a) (1987) [recodifying S. C. Code Ann. § 18-5-20 (1985) ]. The motion was granted and the appeal dismissed as untimely.

Section 62-1-308, which provides for appeals from Probate Court to the Circuit Court, requires that the grounds of appeal be filed in the office of the Probate Court within fifteen days after receipt of notice of the decision appealed from.

Although Thompson filed his exceptions with the Probate Court prior to entry of the written order, his actions constituted sufficient compliance with § 62-1-308(a). *See Sherbert v. School Dist. No. 85*, 169 S. C. 191, 168 S. E. 391 (1933);

*Wallace v. Columbia & G.R. Co.,* 36 S. C. 599, 15 S. E. 452 (1892). Accordingly, the Circuit Court's order is reversed and the case remanded for consideration of Thompson's exceptions.

Reversed and remanded.

GREGORY, C. J., and HARWELL, FINNEY and TOAL, .JJ., concur.