1301

ROYSTER COMPANY, Respondent v. EASTERN DISTRIBUTION, INC., and Vaughan Products, Inc., Defendants, of which Eastern Distribution, Inc. is Appellant.

(378 S. E. (2d) 71)

Court of Appeals

*Ronald F. Barbare* of *Lathan & Barbare*, Greenville, *for appellant.*

*David W. Keller* of *McGowan, Keller, Eaton, Brodie & Stewart*, Florence, *for respondent.*

Heard Feb. 14, 1989.

Decided March 6, 1989.

SANDERS, Chief Judge:

Respondent Royster Company sued appellant Eastern Distribution, Inc. and Vaughan Products, Inc. for breach of contract. Eastern Distribution filed a motion for change of venue from Florence County to Greenville County. Royster thereafter filed a motion for summary judgment. The Circuit Court granted the motion for summary judgment without deciding the motion for change of venue. We affirm.

Eastern Distribution argues that the Court erred by not deciding the motions in the order they were filed (*i.e.*, by not deciding the motion for change of venue before deciding the motion for summary judgment). We are aware of no requirement that the Court must decide matters before it in any particular order, and Eastern Distribution has not called our attention to any authority for imposing such a requirement. Rather, it appears that the Court has the general discretion to decide matters justly, in the most efficient way possible. *See* Rule 1, SCRP ("[The Rules of Civil Procedure] shall be construed to secure the just, speedy, and inexpensive determination of every action."). Where a litigant is entitled to judgment, it is obviously inefficient to require that the litigant wait for judgment to

be entered until the case is transferred to another county.

Eastern Distribution makes essentially the same argument another way. It argues that, since it is a resident of Greenville County, it was entitled to have the motion for summary judgment decided in that county. In support of its argument, it relies on Section 15-7-30 of the Code of Laws of South Carolina, 1976: "[certain actions] shall be *tried* in the county in which the defendant resides at the time of the commencement of the action" (emphasis added). This action was not "tried" anywhere. "A trial is the examination of the matter of *fact* in issue...." *State v. Starling*, 48 S. C. L. (15 Rich.) 120, 131 (1867) (emphasis added). A motion for summary judgment is decided as a matter of *law. See* Rule 56(c), SCRCP (summary judgment is proper when it appears that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law"). Thus, the statute relied on is inapplicable, by its terms.

In any event, Eastern distribution has made no showing that it suffered any prejudice. An appellant has the burden of showing, not only error, but also prejudice. *Cartee v. Cartee*, 295 S. C. 103, 366 S. E. (2d) 269 (Ct. App. 1988). Eastern Distribution does not argue that Royster was not entitled to have its motion for summary judgment granted on the merits. We fail to see what difference it could possibly make where the motion for summary judgment was decided. As we have said, such a motion is decided as a matter of law. The applicable law in Florence County is no different from the applicable law in Greenville County. "Appellate courts recognize—or at least they should recognize— an overriding rule of civil procedure which says: whatever doesn't make any difference, doesn't matter." *McCall v. Finley*, 294 S. C. 1, 4, 362 S. E. (2d) 26, 28 (Ct. App. 1987).

For these reasons, the order of the Circuit Court is

Affirmed.

GARDNER and CURETON, JJ., concur.