1473

W. W. DIBBLE, Respondent v. Benjamin L. THOMAS, Appellant.

(391 S.E. (2d) 729)

Court of Appeals

*Thomas D. Broadwater*, Columbia, *for appellant.*

*Charnell G. Peake*, Columbia, *for respondent.*

Heard Feb. 13, 1990.

Decided March 19, 1990.

SANDERS, Chief Judge:

Respondent W. W. Dibble brought this action seeking, among other things, possession of certain real property allegedly in the possession of appellant Benjamin L. Thomas. The Circuit Court ordered, among other things, that Mr. Dibble have possession of the property. Mr. Thomas appeals. We dismiss the appeal.

> "Appeals are brought before this Court on exceptions which must raise the issues to be decided. Rules of Practice in the Supreme Court of South Carolina, Rule

4, [S]ections 1 and 6." *Town of Ridgeland v. Cleland*, 284 S.C. 277, 278, 325 S.E. (2d) 587, 588 (Ct. App. 1985). Where the Transcript of Record does not contain any exceptions, "there is nothing for us to decide." *Id.* In this case, like the *Town of Ridgeland* case, the Transcript of Record contains no exceptions. Thus, there is nothing for us to decide.

Instead of exceptions, Mr. Thomas includes in the Transcript of Record eight items captioned "Questions to be Considered by the Court." Even if we were able to consider these as exceptions, all but one clearly violate Supreme Court Rule 4, Section 6. The Rule requires that "[e]ach exception must contain within itself a complete assignment of error." Items one through seven do not state the reason for the assigned error. *See Connolly v. People's Life Ins. Co. of South Carolina*, 299 S.C. 348, 352, 384 S.E. (2d) 738, 740 (1989) (exceptions which do not state why the Circuit Court erred "fail to set out complete assignments of error."). The Supreme Court has recently instructed the Court of Appeals, in no uncertain terms, that the Court is allowed "to address *only* those issues which are properly before it [by way of exception]." *Carolina Business Brokers d/b/a Sunbelt Business Brokers v. Strickland*, __ S.C. __, __, 388 S.E. (2d) 815 (1990) (emphasis by the Supreme Court).

Arguably, at least, item eight can be read to comply with Rule 4, Section 6. Nevertheless, it provides no basis for reversal. Mr. Thomas asserts that, in its order settling the record, the Circuit Court erred by limiting the questions which could be argued on appeal. As we have said, issues on appeal are raised by exceptions, not questions. In any event, we have ignored the aspect of the order of the Circuit Court purporting to limit the questions which could be argued. Thus, Mr. Thomas has not been prejudiced by this aspect of the order. To warrant reversal, an appellant must show not only error, but also prejudice. *Royster Co. v. Eastern Distribution, Inc.*, 298 S.C. 51, 378 S.E. (2d) 71 (Ct. App. 1989).

For these reasons, the appeal is

Dismissed.[1]

SHAW and GOOLSBY, JJ., concur.

---

[1] If we were able to review the order of the Circuit Court, we would affirm. Mr. Dibble claims ownership of the property based on a deed to him from the purchaser at a tax sale. Mr. Thomas argues the tax sale was invalid. He relies on a consent order in a previous action purporting to set aside the tax sale. We have previously held the consent order is not binding on Mr. Dibble. *Ex Parte: Dibble In Re: Thomas v. Ellen*, No. 87-MO-061 (Ct. App. filed May 12, 1987). Therefore, reliance on the consent order is misplaced. Moreover, Mr. Thomas has not established that he has any interest of his own in the property. In the previous action, he proceeded based on a power of attorney given him by the person who owned the property prior to the tax sale. That person has since died. "It is universally recognized in this country that a power of attorney, unless coupled with an interest, is terminated by the death of the principal." *Godwin v. Wachovia Bank & Trust Co.*, 259 N.C. 520, 525, 131 S.E. (2d) 456, 460 (1963). In the instant action, Mr. Thomas' lawyer argued variously as to his interest. At one point, he said Mr. Thomas had an interest in the property "by inheritance." Later, he said Mr. Thomas had obtained an interest "by deed from relatives." There is, however, no evidence of Mr. Thomas' having acquired an interest in the property by either of these means or, for that matter, by any other means.