24009

In re Larkin MIMS, Appellant v. Dr. Sidney ALSTON, G. Weber Bryan Psychiatric Hospital and the South Carolina Department of Mental Health, Respondents.

(440 S.E. (2d) 357)

Supreme Court

---

*Larkin Mims, pro se.*

*Mark W. Binkley* and *Kennerly M. McLendon,* Columbia, for respondents.

Submitted Jan. 6, 1994.

Filed Feb. 7, 1994. Reh. Den. Mar. 2, 1994.

MOORE, Justice:

This is an appeal from an order granting respondents' motion to dismiss. We affirm.

## FACTS

On April 23, 1991, the probate court ordered appellant Larkin Mims committed to Charter Hospital pursuant to S.C. Code § 44-17-580 (1985). Appellant was transferred to Bryan Psychiatric Hospital (Hospital). On May 16, 1991, appellant filed a "Memorandum Of Law In Support Of Her Argument That She Be Released" in the probate court. The probate court held a hearing on May 17th to consider appellant's arguments. A second order dated May 23rd ordered treatment in accordance with the first probate court order.

On May 24, 1991, appellant filed a notice of intent to appeal the two probate court orders. Respondent South Carolina Department of Mental Health (Department) made a motion to

dismiss the appeal on the ground appellant had not filed grounds for her appeal. Appellant was discharged from Hospital on June 27, 1991. On September 3, 1991, the Department filed an amended motion to add as a ground for dismissal that appellant had been released from Hospital. The circuit court granted the Department's motion.

## ISSUE

Did the circuit court err in granting the Department's motion to dismiss because appellant had failed to timely file grounds for appeal?

## DISCUSSION

The circuit court found appellant had not perfected her appeal of either order because she had not filed grounds for appeal within the fifteen-day limit provided under S.C. Code § 44-17-620 (1985). Appellant argues the circuit court erred in applying § 44-17-620. Appellant contends she had forty-five days to file grounds for appeal under S.C. Code § 62-1-308(a) (Supp. 1993). We disagree.

Section 44-17-620 sets forth the procedure to appeal any order of involuntary commitment from the probate court: "The notice of intention to appeal *together* with the grounds for appeal shall be filed in the probate court and the Court of Common Pleas within fifteen days of the order issued pursuant to § 44-17-580." Section 62-1-308 of the Probate Code generally addresses appeals from the probate court. Section 44-17-620 specifically addresses appeals of involuntary commitment orders and, therefore, controls over the more general § 62-1-308. *Criterion Ins. Co. v. Hoffmann,* 258 S.C. 282, 188 S.E. (2d) 459 (1972) (special statute controls over a general statute). The circuit court correctly held § 44-17-620 controls.

Appellant also argues the Probate Code was enacted subsequently to § 44-17-620 and therefore repealed this section. We disagree. A later enacted general statute does not repeal an earlier more specific statute. *Spartanburg County Dept. of Social Services v. Little,* — S.C. —, 420 S.E. (2d) 499 (1992). Furthermore, repeal by implication is not favored and will be applied only when two statutes are inca-

pable of any reasonable reconcilement. *City of Rock Hill v. S.C.D.H.E.C.*, 302 S.C. 161, 394 S.E. (2d) 327 (1990). Section 44-17-620 specifically addresses appeals of commitment orders from the probate court while § 62-1-308 addresses appeals of other orders from the probate court. The statutes are capable of reconcilement.

Appellant then contends the "Memorandum Of Law In Support Of Her Argument That She Be Released" was sufficient compliance with filing grounds for appeal citing *Bishop v. Battle*, 296 S.C. 512, 374 S.E. (2d) 497 (1988). In *Bishop*, the issue was whether a *pro se* appellant had complied with the statute requiring the filing of the grounds for appeal within fifteen days *after* notice of the decision when he filed exceptions to the probate court's oral ruling *prior* to the entry of the written order. Here, appellant filed a memorandum which did not even address an appeal and exceptions or grounds. We hold the filing of appellant's memorandum was not sufficient compliance with § 44-17-620 which requires the filing of grounds for appeal. *See Dibble v. Thomas*, 301 S.C. 314, 391 S.E. (2d) 729 (Ct. App. 1990); *Town of Ridgeland v. Cleland*, 284 S.C. 277, 325 S.E. (2d) 587 (Ct. App. 1985).

Appellant also argues the forty-five-day time limitation was tolled once the Department moved to dismiss. We need not address this issue.[1]

Accordingly, appellant did not timely perfect her appeal and the orders of the circuit court are

Affirmed.

CHANDLER, C.J., FINNEY and TOAL, JJ., and C. TOLBERT GOOLSBY, JR., Acting Associate Justice, concur.

---

[1] Appellant also argues the commitment proceedings violate due process. This issue was not raised or ruled upon below and will not be considered on appeal to this Court. *Talley v. South Carolina Higher Educ. Tuition Grants Comm.*, 289 S.C. 483, 347 S.E. (2d) 99 (1986).