Inconsistent presentations by Solicitor

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Delores D. Leonard, Appellant,
v.
Kershaw County, State of South Carolina, Respondent.
 
 
 

Appeal From Kershaw County
 J. Ernest Kinard, Jr., Circuit Court Judge

Unpublished Opinion No. 2005-UP-164
Submitted March 1, 2005  Filed March 7, 2005

AFFIRMED

 
 
 
Gerald F. Smith, of Columbia, for Appellant.
J. Kennedy DuBose, Jr., of Camden, for Respondent.
 
 
 

PER CURIAM: Delores Leonard, a former part-time magistrate for Kershaw County, appeals the trial courts dismissal of her action for unpaid wages.  We affirm.[1]
FACTS
Delores Leonard became a part-time magistrate for Kershaw County in 1996 and served in that capacity until she resigned in April 2003.  During that time, Leonard requested on several occasions for the county to compensate her for the hours she spent on-call in addition to her scheduled twenty hours per week.  In February 2003, Leonard filed an action for unpaid wages, alleging that the county only paid her for twenty hours a week, when in fact she worked additional hours for which the county had failed to compensate her.  At trial, Kershaw County filed a motion to dismiss based on the lack of subject matter jurisdiction and for failure to state facts sufficient to constitute a cause of action, which the trial court granted.  This appeal follows.
STANDARD OF REVIEW
A trial judge in a civil matter may dismiss a claim when the defendant demonstrates the plaintiff has failed to state facts sufficient to constitute a cause of action in the pleadings filed with the court.  Rule 12(b)(6), SCRCP.  The question to be considered on a motion to dismiss on the pleadings is whether, in the light most favorable to the plaintiff, the pleadings articulate any valid claim for relief.  Williams v. Condon, 347 S.C. 227, 232-233, 553 S.E.2d 496, 499 (Ct. App. 2001).  Upon review of a grant of a motion to dismiss, the appellate court applies the same standard of review that was implemented by the trial court.  OLaughlin v. Windham, 330 S.C. 379, 382, 498 S.E.2d 689, 691 (Ct. App. 1998).  
LAW/ANALYSIS
Leonard argues that the trial court erred in finding the language of the Magistrates Compensation Act is mandatory rather than discretionary and therefore not her only available remedy.  We disagree.
The complaint cited the Magistrates Compensation Act for Leonards entitlement to compensation for all hours worked, but requested relief under S.C. Code Ann. §§ 41-10-10110 (Supp. 2004), the Payment of Wages Act, which entitles employees to relief against an employer for failure to pay wages.  The trial court found that the Magistrates Compensation Act governs magistrate payment and therefore provides the exclusive remedy to Leonard.  The act reads:

A magistrate aggrieved by a ruling or action taken by a county or the governing body of the county concerning classification, reclassification, or compensation of magistrates based upon this chapter, or with respect to the operation of the magistrates court system within the county, may petition the county governing body, in writing, for redress.

S.C. Code § Ann. 22-8-50(A) (1989).  
Leonard contends that the term may in the language of the statute renders it permissive and that since it is optional, she can therefore chose to seek her remedy under the Wage Payment Act.  The general rule of statutory construction is that a specific statute prevails over a more general one. Mims v. Alston, 312 S.C. 311, 313, 440 S.E.2d 357, 359 (1994).  The Payment of Wages Act is a general statute that applies to all employers in South Carolina, while the Magistrates Compensation Act specifically addresses wage disputes between magistrates and counties.  Legislative intent is the supreme rule of statutory construction if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose of the statute.  McClanahan v. Richland County Council, 350 S.C. 433, 438, 567 S.E.2d 240, 242 (2002).  It is clear that the legislature intended for the Magistrates Compensation Act to cover everything its name implies.  It is only logical for Leonard, who based her right to compensation on the Magistrates Compensation Act, to achieve her relief from that statute as well, particularly since the statute expressly provides cure for conflicts emerging between magistrates and their employers.  The term may merely demonstrates the legislatures intent to give magistrates the option of redress.  
We hold that the Magistrates Compensation Act provides an exclusive remedy for magistrates with disputes over wages and Leonard should have filed her claim pursuant to that act.  Therefore, the trial court correctly dismissed the case.
AFFIRMED
 
 ANDERSON, BEATTY, and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.