THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Betty Fisher
 and Lisa Fisher, Appellants,
 
 

v

 
 
 
 Bessie
 Huckabee, et al., Respondents.
 
 In the Matter
 of the Estate of Alice Shaw-Baker,
 
 Charleston County Probate No.:  2009-ES-10-0378/F
 
 
 

Appeal From Charleston County
Thomas L. Hughston, Jr., Circuit Court
Judge

Unpublished Opinion No. 2011-UP-173   
 Submitted February 9, 2011  Filed April
 18, 2011
 Withdrawn, Substituted and Refiled June 2,
2011

AFFIRMED IN PART AND DISMISSED IN PART

 
 
 
 Cain Denney, of Charleston, and John Cooper, of Sullivan's Island,
 for Appellants.
 Peter A. Kouten, of Johns Island, for Respondents.
 
 
 

PER CURIAM: In this probate matter, Betty Fisher and
 Lisa Fisher appeal (1) the appointment of Bessie Huckabee as personal
 representative of the estate of Alice Shaw-Baker and (2) an order modifying a prior
 temporary order that had restrained Huckabee, in her capacity as personal
 representative of Shaw-Baker's estate, from taking any action regarding the
 estate.  Under the modified order, Huckabee could continue to administer and
 preserve the estate, but could not disburse or distribute any estate assets
 pending a trial on the merits.  We affirm on all issues raised by the Fishers
 in this appeal concerning the modification order and dismiss those issues concerning
 Huckabee's appointment.[1]
As to the
 modification order, the Fishers argue (1) the order was void because Huckabee's
 attorney failed to copy it to opposing counsel before submitting it to the
 presiding judge, (2) the order lacked the required finding of a change of
 circumstances to warrant modifying the prior order, (3) the circuit court
 should have applied the standard in the South Carolina Probate Code instead of
 that in the South Carolina Rules of Civil Procedure in determining whether or
 not modification of the prior order was warranted, (4) the provision in the
 modification order requiring the Fishers to post a bond was improper, and (5)
 the modification order was based on the incorrect assumption that Huckabee had
 possession of the estate assets.  We affirm pursuant to Rule 220(b)(1), SCACR,
 and the following authorities: Rule 81, SCRCP (stating the South Carolina Rules
 of Civil Procedure "shall apply insofar as practicable in magistrate's
 courts, probate courts, and family courts to the extent they are not
 inconsistent with the statutes and rules governing those courts"); Mims
 v. Alston, 312 S.C. 311, 314 n.1, 440 S.E.2d 357, 359 n.1 (1994) (refusing
 to address an issue because "it was not raised or ruled upon below"); In re Timmerman, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998)
 ("When a party receives an order that grants certain relief not previously
 contemplated or presented to the trial court, the aggrieved party must move,
 pursuant to Rule 59(e), SCRCP, to alter or amend the judgment in order to
 preserve the issue for appeal.").  Furthermore, as to issue (5), we hold
 that if the finding that Huckabee had possession of the estate assets is
 premature or otherwise incorrect, the error does not prejudice the Fishers in
 that under Huckabee, in her capacity as personal representative, has been
 restrained from making disbursements or distributions from the estate and
 counsel for the Fishers, on page 13 of the Appendix to the Record on Appeal,
 has implicitly acknowledged that Lisa Fisher has been ordered by the probate
 court to turn over the estate assets in her possession.
As to the order
 appointing Huckabee personal representative of the estate, the Fishers contend
 (1) the order is void because they were not given proper notice of Huckabee's
 intent to seek the appointment, (2) the order lacks the requisite findings of
 fact, (3) Huckabee is not qualified to serve as personal representative because
 her interests are adverse to those of the estate, and (4) they should not have
 to wait until a merits hearing in the probate court for a review of the
 appointment.  On page 19 of the Appendix to the Record on Appeal, counsel for
 the Fishers advised the circuit court that he had "a pending motion to
 replace the PR and to appoint a special administrator."  We, therefore, hold
 the issues raised by the Fishers to this court regarding the propriety of the
 appointment are interlocutory and decline to address them at this time.  See Charlotte-Mecklenburg Hosp. Auth. v. S.C. Dep't of Health & Envtl.
 Control, 387 S.C. 265, 267, 692 S.E.2d 894, 894 (2010) ("If there is
 some further act which must be done by the court prior to a determination of
 the rights of the parties, the order is interlocutory."); Morris v.
 Anderson Cnty., 349 S.C. 607, 610, 564 S.E.2d 649, 651 (2002) (stating an
 appellate court "may, as a matter of discretion, consider an
 unappealable order along with an appealable issue where such a ruling will
 avoid unnecessary litigation") (emphasis added).
AFFIRMED IN
 PART; APPEAL DISMISSED IN PART.
FEW, C.J.,
 THOMAS and KONDUROS, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.