I>y the court.
The remedy by attachment against foreign debtors and wrong doers, who are domiciled in another country, or who luvi i-o domicile hi this State, and are absent from it, is very different trom that which is given against persons who abscond, or conceal themselves within the State ; or who contemplate and intend a removal, tu order to evade the process of law, and the payment of their debts. The provisions of law in the one case, do not apply to the other. The acts of 1744, and 1785, cannot be construed in pari materia, so as to form one system, or one consistent mode of redress : but they must be separately and distinctly considered, and confined to their different objects. The proceeding in this case was under the act of 1785, against a debtor within the Slate, suspected to be about to abscond with his effects. The property levied on was replevied by giving bond to the officer who served the attachment, with security, to appear, &c. as required by the act. Upon giving this bond, the attachment was dissolved, and the lien on the property attached was discharged : but the defendant was bound to appear at the court to which the attachment was returnable, ai,d to abide by and perform the judgment of such court. The suit by attachment was uot abated or disch .rged by tfie replevin bond, but only the lien on the property attached : and the replevin bond must be considered in the light of a recognizance of special bail, or a special bail bond. The attachment must be returned, otherwise ihe siit cannot proceed ; and the act directs that after ihe return of any such attachment, like proceedings shall be had as in other cases of attachment, meaning other cases of attachment against debtors within ihe State, as prescribed by, and provided for in the act. ' The 5th clause of the act enacis, that upon the defendant, or defendants, replevying any attached effects by giving bond and security to the sheriff, or other officer, as aforesaid, the sheriff shall return the name, or names, of the security by him so taken ; and if such security, upon motion, shall be udjud ?ed ¡ sufficient by the court, and if the defendant shall fail to appearand give special biil, if thereunto ruled by the court; such sheriff, or security, shall be subject to the same judgment and recovery, and have the same liberty of defence and relief, as if such defendant was legally present in court.” This was for the greater security of the plaintiff, where the sheriff shall *392 take insufficient security. At the appearance at court, the plaintiff may be called on to give special bail, which if he fails to do, and ^ie security given to the Replevin bond should be deemed msuffi. ciei't, the sheriff, or other officer, who served the attachment, shall ke liable. The 7th clause of the act, P. L. 3(59, prescribes, that “ after the levy ai d return of attachments where the goods shall not be replevied, the subsequent proceedings thereupon shall be the same, as on original process against the body of the defendant where there is default of appearance.” This prescribed mode of proceeding shall be puisued, where the property attached is not replevied ; but the act directs that in such case, that is to say, after the return oí such writs of attachment, and where the property is replevied the writ must bo returned, the same proceedings shall be had, as in other cases of attachment. The providing this mode in one case, does not exclude its application to another; for the in. tendon of the act seems to extend the provision generally. To conclude, the proceeding in the present case appears to have been regular, and therelore, the motion most be overruled.
Present, Grimke, Waties, Johnson, Tkezevant, and Bee. yard, Justices ; Bay, J absent.