24318

ATLAS FOOD SYSTEMS AND SERVICES, INC., Plaintiff v. CRANE NATIONAL VENDORS DIVISION OF UNIDYNAMICS CORPORATION and Conlux USA Corporation, Defendants.

(462 S.E. (2d) 858)

Supreme Court

*David W. Holmes*, of *Holmes Law Firm*, and *Kurt Tavernier*, Greenville; and *Nicholas S. Papleacos*, of *Shapiro, Fussell, Wedge, Smotherman & Martin*, Atlanta, *for plaintiff Atlas Food Systems and Services, Inc.*

*George K. Lyall, A. Marvin Quattlebaum, Jr.*, and *Denise C. Yarborough*, all of *Nelson, Mullins, Riley & Scarborough, L.L.P.*, Greenville, *for defendant Crane National Vendors, Division of Unidynamics Corporation.*

*O. Doyle Martin* and *Natalma M. McKnew*, both of *Leatherwood, Walker, Todd & Mann*, Greenville; and *Louis B. Kimmelman*, of *O'Melveny & Myers*, New York City, *for defendant Conlux USA Corporation.*

Heard June 14, 1995.

Decided Sept. 18, 1995.

FINNEY, Chief Justice:

This certified question presents one question of law arising under the Uniform Commercial Code[1] (U.C.C.): Is the applicable statute of limitations that found in the U.C.C. at S.C. Code Ann. § 36-2-725 (1976) or is it the general statute of limitations, S.C. Code Ann. § 15-3-530 (Supp. 1994)? We hold that the U.C.C. statute of limitations applies.

The U.C.C. statute of limitations is six years, § 36-2-725, while the general contract statute of limitations is three years. § 15-3-530(1) (Supp. 1994). If the general statute applies, then this plaintiff's actions are barred, while it may proceed if the U.C.C. statute controls.

The general rule of statutory construction is that a specific statute prevails over a more general one. *Mims v. Alston*, 312 S.C. 311, 440 S.E. (2d) 357 (1994). This rule dictates application of the U.C.C. statute. Defendants contend, however, this Court should find the 1988 amendment to the general contract statute of limitations, reducing the period from six years to three, impliedly repealed the U.C.C. statute. They point out that when the legislature first enacted the U.C.C., it rejected the U.C.C. drafters' suggestion of a four-year period of limitations in favor of the six-year period then found in the general statute. Based upon this legislative action in 1966, it is contended we should find an implied repeal of the U.C.C. statute in 1988 when the general statute was amended. We disagree.

The enactment of a later general statute does not repeal an earlier more specific statute. *Mims v. Alston, supra.* Similarly, we decline to hold the amendment of a general statute impliedly affects an earlier specific statute. Further, repeal by implication is disfavored, and is found only when two statutes are incapable of any reasonable reconcilement. *Id.* Here, there is no conflict. The U.C.C. statute of limitations applies to actions arising under that act, while § 15-3-530(1) applies to other types of general contract actions. In addition to our general policy disfavoring repeal by implication, the U.C.C. itself expressly disclaims the applicability of the doctrine to its provisions. S.C. Code Ann. § 36-1-104 (1976).

---

[1] S.C. Code Ann. §§ 36-1-101 thru 36-11-108 (1976 and Supp. 1994).

Actions arising under Article 2 of the U.C.C. are governed by § 36-2-725's statute of limitations. To the extent this holding is inconsistent with dicta in *Dandy v. American Laundry Machinery, Inc.*, 301 S.C. 24, 389 S.E. (2d) 866 (1990) *overruled in part on other grounds Garner v. Houck*, 312 S.C. 481, 435 S.E. (2d) 847 (1993); *Santee Portland Cement v. Daniel Int'l Corp.*, 299 S.C. 269, 384 S.E. (2d) 693 (1989); and *Dillon County School Dist. No. Two v. Lewis Sheet Metal Works, Inc.*, 286 S.C. 207, 332 S.E. (2d) 555 (Ct. App. 1985), they are overruled. Accordingly, we

Answer the certified question.

MOORE, WALLER and BURNETT, JJ., concur.

JEAN H. TOAL, Acting Associate Justice, not participating.