333 S.C. 464 (1999)
511 S.E.2d 355
Rebekah WOOTEN, a minor by her Guardian ad Litem, Margaret WOOTEN, Respondent,
v.
SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION f/k/a South Carolina Department of Highways and Public Transportation, Petitioner.
Margaret Wooten, Respondent,
v.
South Carolina Department of Transportation f/k/a South Carolina Department of Highways and Public Transportation, Petitioner.
No. 24877.
Supreme Court of South Carolina.
Heard November 17, 1998.
Decided January 18, 1999.
*466 Charles E. Carpenter, Jr., of Richardson, Plowden, Carpenter & Robinson, P.A., of Columbia; and Merl F. Code, of Code Law Firm, of Greenville, for petitioner.
W. Harold Christian, Jr., of Christian & Davis, of Greenville, for respondents.
MOORE, Justice:
We granted a writ of certiorari to review the Court of Appeals' decision[1] regarding petitioner's (DOT's) claim of immunity under the Tort Claims Act. We affirm as modified herein.

FACTS
Twelve-year-old Rebekah Wooten was injured when she attempted to cross Wade Hampton Boulevard at Memorial Drive on her way home from school. Rebekah had crossed three lanes of traffic and reached the median in the middle of the road when the light changed. Although traffic on the other side of the median waited for Rebekah in two lanes of traffic, a car approaching in the middle lane struck her before she finished crossing.
Rebekah and her mother (respondents) commenced these actions for negligence and loss of consortium alleging DOT was negligent in failing to provide traffic lights that would *467 allow adequate time for a pedestrian to cross, or provide pedestrian walk signals, or to warn pedestrians of the hazardous nature of the intersection. The jury returned verdicts for respondents. DOT appealed the denial of its post-trial motions. The Court of Appeals affirmed.
ISSUES
1) Does absolute immunity for highway design apply in this case?
2) Does the evidence establish DOT was entitled to discretionary immunity for signs, signals, and warning devices as a matter of law?

DISCUSSION

1) Design immunity
The Tort Claims Act provides certain exceptions to a government entity's waiver of immunity. Under S.C.Code Ann. § 15-78-60(15) (Supp.1997), government entities "are not liable for the design of highways and other public ways." DOT claimed in post-trial motions it was entitled to this immunity as a matter of law in this case.
The trial court ruled the applicable immunity was not absolute immunity for highway design but immunity for the maintenance of traffic signals under § 15-78-60(15). This section provides immunity for liability arising from:
absence, condition, or malfunction of any sign, signal, [or] warning device ... unless the absence, condition, or malfunction is not corrected by the governmental entity responsible for its maintenance within a reasonable time after actual or constructive notice .... Nothing in this item gives rise to liability arising from a failure of any governmental entity to initially place any of the above signs, signals, [or] warning devices ... when the failure is the result of a discretionary act of the governmental entity.

(Emphasis added).[2]
On appeal, the Court of Appeals held DOT had design immunity but it was not perpetual. Once DOT had notice the *468 intersection was hazardous, it was no longer immune from liability. Since there was evidence DOT had notice before the injury in this case, the Court of Appeals concluded DOT had not established it was entitled to design immunity as a matter of law and its post-trial motions were properly denied.
We agree with the result reached by the Court of Appeals but adopt the reasoning of the trial court. A specific statutory provision prevails over a more general one. Atlas Food Systems & Serv., Inc. v. Crane, 319 S.C. 556, 462 S.E.2d 858 (1995). Here, the immunity provision regarding signs and signals is the more specific one applicable to these facts and therefore controls in this case. Accordingly, the trial judge's ruling was correct.

2) Discretionary immunity for signs, signals, and warning devices
As quoted above, § 15-78-60(15) provides discretionary immunity for the failure of a government entity to initially place signs, signals, or warning devices. The Court of Appeals ruled there was conflicting evidence on this issue and it was properly submitted to the jury. We agree.
Discretionary immunity is contingent on proof the government entity, faced with alternatives, actually weighed competing considerations and made a conscious choice using accepted professional standards. Summer v. Carpenter, 328 S.C. 36, 492 S.E.2d 55 (1997); Strange v. South Carolina Dept. of Highways and Pub. Transp., 314 S.C. 427, 445 S.E.2d 439 (1994).
Rochelle Garrett, an assistant district traffic engineer, testified for DOT. Garrett testified there was no history of complaints regarding pedestrian problems at this intersection and the intersection was "not considered a pedestrian area." No pedestrian count was done at this intersection, however, and Garrett admitted the intersection was dangerous for pedestrians.
Because the traffic signal is traffic-actuated, the crossing time allowed a pedestrian varies. The minimum time allowed is eight seconds to cross the width of the road which is 112 feet. This crossing time would therefore require a crossing *469 speed of fourteen feet per second. Garrett testified a reasonable crossing speed is four feet per second and the median is not designed for pedestrians to wait in the middle of the road.
Further, Garrett testified DOT guidelines mandate that pedestrian signals and detectors be installed when there is not adequate time to cross even when such signals are not otherwise warranted because of the amount of pedestrian traffic. The guidelines specify that pedestrians should be assured sufficient time to cross the roadway at an intersection controlled by traffic lights. Whether DOT complied with these guidelines or any appropriate professional standard was at least a jury issue under Garrett's own testimony. The Court of Appeals correctly held discretionary immunity was a jury issue in this case.
AFFIRMED AS MODIFIED.
FINNEY, C.J., TOAL, WALLER and BURNETT, JJ., concur.
NOTES
[1] 326 S.C. 516, 485 S.E.2d 119 (1997).
[2] The "signs, signals, and warning devices" referred to are further specifically identified as "those used in connection with hazards normally connected with the use of public ways."