Arturo CAMACHO, et. al., Appellants,

v.

**TODD AND LEISER HOMES,**
**Respondent.**

No. A04–599.

Supreme Court of Minnesota.

Nov. 23, 2005.

As Modified Dec. 20, 2005.

---

Charles E. Lundberg, Mark P. Hodkinson, J. Scott Andresen, Bassford Remele, P.A., Minneapolis, MN, for Appellant.

William L. Moran, Michelle D. Christensen, Murnane, Conlin, White & Brandt, P.A., St. Paul, MN, for Respondent.

David D. Hammargren, Jennifer A. Thompson, Hammargren & Meyer, P.A., Edina, MN, for Amicus Curiae the Minnesota Homeowners' Alliance.

OPINION

PAGE, Justice.

This case involves an issue of statutory construction arising from the dissolution of an incorporated residential building contractor. Appellants Arturo and Kristi Camacho (the Camachos) brought suit against respondent Todd and Leiser Homes, Inc. (TLH), a dissolved corporation, for negligence and breach of construction warranties under Minn.Stat. § 327A.02, subd. 1(c) (2004).[1] TLH moved to dismiss, claiming that the corporate dissolution statute, Minn.Stat. § 302A.7291, subd. 3(a) (2004), barred the Camachos' claims.[2] The district court denied TLH's motion. TLH appealed and the court of appeals reversed. *Camacho v. Todd & Leiser Homes*, No. A04–599, 2004 WL 2940812 (Minn.App. Dec.21, 2004). The court of appeals held that under the corporate dissolution statute the Camachos were required to bring their action against TLH within two years of the filing of TLH's notice of dissolution and, having failed to do so, the district court lacked personal jurisdiction over TLH. *Id.* at *3–4. The court of appeals also held that the Camachos were not entitled to recover under any liability insurance policies TLH may have carried at the time the house was constructed. *Id.* at *5.

The Camachos raise two issues in this appeal: (1) whether the court of appeals erred in finding that Minn.Stat.

1. Minnesota Statutes § 327A.02, subdivision 1, reads in relevant part as follows:

 In every sale of a completed dwelling, and in every contract for the sale of a dwelling to be completed, the vendor shall warrant to the vendee that:
 * * * *
 (c) during the ten-year period from and after the warranty date, the dwelling shall be free from major construction defects due to noncompliance with building standards.

2. Minnesota Statutes § 302A.7291, subdivision 3(a), provides:

 If the corporation has paid or provided for all known creditors or claimants at the time articles of dissolution are filed, a creditor or claimant who does not file a claim or pursue a remedy in a legal, administrative, or arbitration proceeding within two years after the date of filing the notice of intent to dissolve is barred from suing on that claim or otherwise realizing upon or enforcing it.

§ 302A.7291 (2004) barred the Camachos from bringing suit under Minn.Stat. § 327A.02 (2004); and (2) whether the court of appeals erred in finding the Camachos were not entitled to recover to the extent TLH was insured as required by Minn.Stat. ch. 326 (2004).[3] We affirm.

In the fall of 1993, TLH acted as general contractor for the construction of a house at 300 Lady Slipper Lane in Vadnais Heights, Minnesota (the house). TLH was a Minnesota corporation at the time the house was built. On April 29, 1997, TLH filed a notice of intent to dissolve the corporation with the Minnesota Secretary of State. *See* Minn.Stat. § 302A.723

(2004). On May 6, 1999, TLH filed its articles of dissolution and the Secretary of State issued a certificate of dissolution to the corporation that same day. *See* Minn. Stat. § 302A.7291.[4]

In July 1999, the Camachos purchased the house for $305,000. In August 2003, in preparation for selling the house, the Camachos had the house inspected. That inspection revealed that the house had experienced significant moisture intrusion that resulted in deterioration and rot of exterior sheathing, studs, windows, and other structural components of the house, as well as mold growth. According to the

---

**3.** The Minnesota Homeowners' Alliance filed an amicus brief. TLH moved to strike two sections of the amicus brief's appendix: depositions given in conjunction with two different cases, and an article written by two private attorneys, Shamus O'Meara & Anton van der Merwe, *The 25 Year Water Claim (A Fun–Key Story)*, Minn. Def., Winter 2005, at 3. The amicus claims these documents are necessary to demonstrate to the court how builders will fraudulently dissolve to avoid warranty obligations.

In the past, this court has stricken portions of an amicus brief that included letters from an attorney describing how an insurance company could front-load a claim when there was no allegation that any of the parties engaged in that practice and the letters were outside the record. *Weaver v. State Farm Ins. Cos.*, 609 N.W.2d 878, 881 n. 2 (Minn.2000). Similarly, here there is no allegation that TLH engaged in fraudulent dissolution. The deposition is outside of the record. Consequently, the deposition and references to it are stricken.

However, the article lies in the public domain and provides pertinent information to this court's consideration of public policy concerns in statutory construction. The article informs the court of information in the public domain that may have escaped the court's attention and therefore assists the amicus in fulfilling its proper role. *See State v. Finley*, 242 Minn. 288, 294–95, 64 N.W.2d 769, 773 (1954). As such, the article and referencing portions of the brief are not stricken.

**4.** TLH dissolved without giving notice to creditors, as allowed under section 302A.7291. Corporations that choose not to give notice to creditors may dissolve in one of two ways. The corporation may either: (1) provide for the payment of claims to all known creditors and potential claimants and dissolve immediately, upon filing the notice of intent to dissolve; or (2) file the notice of intent to dissolve and then wait at least two years before filing articles of dissolution. Minn.Stat. § 302A.7291, subd. 1(1), (2); *see also* Minn. Stat. § 302A.7291, subds. 3(a) (giving creditors two years after the filing of the notice of intent to dissolve to bring a claim against a corporation dissolving under section 302A.7291, subdivision 1(1)), and 3(b) (barring claimants from bringing a claim against a corporation dissolving under section 302A.7291, subdivision 1(2), more than two years after the filing of the notice of intent to dissolve). TLH apparently complied with both provisions. It waited until May 6, 1999, more than two years after filing its notice of intent to dissolve, before filing its articles of dissolution. However, in the articles of dissolution it also recited that it had provided for all known creditors and potential claimants. In any event, the parties do not dispute that, at a minimum, section 302A.7291, subdivision 3(a), applies. Therefore, because the parties are in agreement that section 302A.7291, subdivision 3(a), applies, we have analyzed the claims under this provision.

Camachos, further investigation revealed that the moisture intrusion was caused by TLH's faulty workmanship and failure to follow appropriate building standards. The Camachos estimate the cost of repairs to the house will exceed $200,000.

On September 23, 2003, the Camachos commenced this action against TLH by serving a summons and complaint on Jill Todd, TLH's former vice president. The summons and complaint identified TLH as the named defendant. The complaint alleges negligence in TLH's construction of the house and breaches of Minn.Stat. §§ 327A.01–05 (2004). In its answer to the complaint, TLH, in addition to denying liability, asserted that the corporate entity under which it acted as general contractor in constructing the house was dissolved on May 6, 1999, pursuant to its April 1997 notice of intent to dissolve, and the articles of dissolution filed and certificate of dissolution issued that same day. Based on that dissolution, TLH asserted that the Camachos' claims were barred under Minnesota law. TLH also moved to dismiss the Camachos' action. In the motion, TLH asserted that the two-year limitations period set out in Minn.Stat. § 302A.7291, subd. 3(a), barred the Camachos' claims.

■ The district court denied TLH's motion, reasoning that the statutory new-home warranties were specific and the corporate dissolution statutes were general and, as such, the specific home warranty statutes controlled over the general corporate dissolution statutes. As noted above, the court of appeals held that under section 302A.7291, subdivision 3(a), the Camachos were time-barred from bringing a claim against TLH and, therefore, the district court lacked personal jurisdiction over TLH. *Camacho,* 2004 WL 2940812 at *5. In concluding that the Camachos' claims were time-barred, the court of appeals stated that "[t]he home-construction-warranty statute provides a time gradation for bringing breach-of-home-warranty actions." [5] *Id.* at *4. Also, as noted above, the court of appeals determined that the Camachos were not entitled to recover under any insurance policy TLH may have had when it was operating as a corporation. *Id.* at *5.

## I.

■ Statutory construction is a question of law. Questions of law are reviewed de novo. *Vlahos v. R & I Constr. of Bloomington, Inc.,* 676 N.W.2d 672, 679 (Minn.2004). When construing statutes, the objective is to "ascertain and effectuate the intention of the legislature." Minn.

---

**5.** The court of appeals was in error when it found that the home-construction-warranty statute merely provides "a time gradation" for bringing a home-construction-warranty claim and not a substantive cause of action. Minnesota Statutes § 327A.05, subd. 1 (2004), states: "Upon breach of any warranty imposed by section 327A.02, subdivision 1, the vendee *shall* have a cause of action against the vendor for damages arising out of the breach, or for specific performance." (Emphasis added.) The use of the word "shall" in the statute indicates the legislature intended to give homeowners an affirmative cause of action against one who breaches a home construction warranty. That conclusion is reinforced by our decision in *Vlahos v. R & I*

*Construction of Bloomington, Inc.,* 676 N.W.2d 672 (Minn.2004). In *Vlahos,* we held "[a] warranty of future performance provides a guarantee that the product will perform in the future as promised. The statutory new-home warranty at issue in this case functions much like the express warranty of future performance * * *." *Id.* at 678 (citing *Church of the Nativity of Our Lord v. WatPro, Inc.,* 491 N.W.2d 1, 6 (Minn.1992), *overruled on other grounds by Ly v. Nystrom,* 615 N.W.2d 302, 314 n. 25 (Minn.2000)). A warranty of future performance provides an affirmative guarantee that something will or will not be done in the future and, therefore, is more than a simple time gradation.

Stat. § 645.16 (2004). If the language of the statute is unambiguous, we must follow the plain language of the statute. *Vlahos,* 676 N.W.2d at 679. When two statutes appear to be in conflict, "the two shall be construed, if possible, so that effect may be given to both." Minn.Stat. § 645.26, subd. 1 (2004).

■ The Camachos argue that there is a conflict between the chapter 327A warranties and section 302A.7291 because the statutes cannot be applied simultaneously while giving full effect to both. According to the Camachos, Minn.Stat. § 327A.02, subd. 1(c), provides homeowners with a ten-year statutory warranty, while the corporate dissolution statute shields corporations from suits such as those allowed under section 327A.02 after two years from the filing of the notice of intent to dissolve. TLH argues that there is no conflict between the two statutes, and section 302A.7291 applies to bar the Camachos' claims.

Section 302A.7291, subdivision 3(a), states:

> If the corporation has paid or provided for all known creditors or claimants at the time articles of dissolution are filed, a creditor or claimant who does not file a claim or pursue a remedy in a legal, administrative, or arbitration proceeding within two years after the date of filing the notice of intent to dissolve is barred from suing on that claim or otherwise realizing upon or enforcing it.

Section 327A.02, subdivision 1, states:

> In every sale of a completed dwelling, and in every contract for the sale of a dwelling to be completed, the vendor shall warrant to the vendee that:

* * * *

> (c) during the ten-year period from and after the warranty date, the dwelling shall be free from major construction defects due to noncompliance with building standards.

Section 327A.05, subdivision 1 (2004), states:

> Upon breach of any warranty imposed by section 327A.02, subdivision 1, the vendee shall have a cause of action against the vendor for damages arising out of the breach, or for specific performance.

■ These statutes, while seemingly in conflict, can, in this case, be construed to give effect to each because of the distinct purpose each serves. Specifically, section 327A.05, subdivision 1, provides homeowners with a substantive cause of action against a builder for breach of the warranty defined in section 327A.02, subdivision 1(c), while section 302A.7291, subdivision 3(a), sets an end date for bringing a substantive cause of action against a voluntarily dissolved corporation. Read together, section 302A.7291, subdivision 3(a), acts as a statute of repose barring section 327A.02, subdivision 1(c), warranty claims brought against voluntarily dissolved corporations.[6]

While section 327A.05, subdivision 1, creates a substantive cause of action, it does not specifically address the time during which the homeowner can bring a warranty claim. Section 327A.02, subdivision 1(c), merely provides a warranty that extends ten years from the completion of the home construction, but does not provide any additional time limitations for bringing a warranty claim. To determine when a

---

**6.** A statute of repose is "[a] statute barring any suit that is brought after a specified time since the defendant acted * * * even if this period ends before the plaintiff has suffered a resulting injury." *Black's Law Dictionary* 1451 (8th ed.2004). In fact, "[s]tatutes of repose by their nature reimpose on some plaintiffs the hardship of having a claim extinguished before it is discovered, or perhaps before it even exists." W. Page Keeton, et. al., *Prosser and Keeton on the Law of Torts* § 30, at 168 (5th ed.1984) (footnotes omitted).

plaintiff with a potential warranty claim can bring suit, we must look to the applicable statutes of limitations or statutes of repose.

 Specifically, Minn.Stat. § 541.051, subd. 4 (2002), provides that statutory warranty actions under chapter 327A must "be brought within two years of the discovery of the breach."[7] However, in this case, section 541.051 is not the only statute limiting the Camachos' claim because section 302A.7291, subdivision 3(a), acts as a statute of repose for bringing a cause of action against the dissolved corporation, which constructed the house at 300 Lady Slipper Lane. It requires any person with a claim against a dissolving corporation to bring that claim within two years of the corporation's filing of the notice of intent to dissolve. By its nature, section 302A.7291, subdivision 3(a), assumes the person bringing the claim has a valid substantive cause of action, but sets an end date for a plaintiff with a claim to obtain a remedy. Statutes of repose are intended to give finality to the potential defendant and create "a substantive right in those protected to be free from liability after the legislatively-determined period of time." 54 C.J.S. *Limitations of Actions* § 5 (2005) (footnote omitted). Here, the legislative purpose in enacting section 302A.7291 is to provide finality for those corporations that are voluntarily dissolving.[8] Moreover, dissolution of a corporation is akin to the death of an individual and abates all litigation against that corporation. *See Onan Corp. v. Indus. Steel Corp.*, 770 F.Supp. 490, 493–95 (D.Minn.1989).

When reading the statutes together, we construe section 302A.7291, subdivision 3(a), as a statute of repose barring substantive claims, such as home construction warranties, brought against voluntarily dissolved corporations. In the instant case, section 302A.7291, subdivision 3(a), is simply another governing procedural statute limiting the remedy available to homeowners with a substantive warranty claim against a voluntarily dissolved corporation. *See* Minn.Stat. § 302A.7291, subd. 3(a). The fact that the warranty statute benefits individual homeowners does not dictate the extent to which statutes instituting time limitations affect a substantive right.

 We recognize that homeowners with valid warranty claims against voluntarily dissolved corporations may be unable to obtain a remedy when the warranty breach is discovered more than two years after the corporation's notice of dissolution is filed.[9] It is the province of the legislature, not this court, to provide a remedy to those homeowners who may be foreclosed from bringing an action.

## II.

 We next address whether the court of appeals correctly held that the

---

7. After this action was brought, the legislature amended subdivision 4 and added a statute of repose for statutory warranty claims. Act of May 15, 2004, ch. 196, § 1, 2004 Minn.Laws 356, 357; *see* Minn.Stat. § 541.051, subd. 4 (2004) (providing that "in no event may an action under section 327A.05 be brought more than 12 years after the effective warranty date").

8. *But see* 18 John H. Matheson & Philip S. Garon, *Minnesota Practice—Corporation Law and Practice* § 9.8, at 401 n. 9 (2d ed.2004) (noting that one federal district court has

suggested that "Minnesota's statute of limitations on creditors' claims would be preempted with respect to ERISA-based claims," and courts have "disagreed as to whether CERCLA preempts state abatement statutes").

9. In certain situations, cutting off a remedy before a claim arises may raise constitutional due process concerns. *See, e.g., Sartori v. Harnischfeger Corp.*, 432 N.W.2d 448, 453 (Minn.1988); *Hodder v. Goodyear Tire & Rubber Co.*, 426 N.W.2d 826, 830 n. 3 (Minn. 1988); *Bulau v. Hector Plumbing & Heating Co.*, 387 N.W.2d 659, 662 (Minn.App.1986). We have held "that the legislature may consti-

Camachos cannot maintain an action against TLH to the extent TLH was insured as required by Minn.Stat. ch. 326. As a prerequisite for acquiring a residential building contractor license, Minn.Stat. § 326.89, subd. 2(3), requires the license application to include a certificate of liability insurance and Minn.Stat. § 326.94, subd. 2, requires a licensee to at all times carry public liability insurance with minimum coverage of $100,000 per occurrence. The Camachos claim that the insurance coverage TLH had during construction of the house should be available to satisfy the Camachos' claims. Thus, the Camachos ask this court to fashion a remedy that would allow them to collect from the insurance policy TLH had in place at the time the house was constructed. The court of appeals rejected the Camachos' argument, reasoning that Minnesota does not allow direct actions by third parties against insurance companies. *Camacho*, 2004 WL 2940812, at *5.

■ We have already determined that TLH is not subject to suit on the Camachos' home-construction-warranty claim because the claim is time-barred. The only remaining entity from which they could recover their claimed damages is TLH's insurer. The problem for the Camachos is that, in Minnesota, it is a longstanding common-law rule that courts will not allow third parties to maintain a direct action against an insurer until the third party has a judgment against the insured. *See, e.g.,*

*Morris v. Am. Family Mut. Ins. Co.,* 386 N.W.2d 233, 237 (Minn.1986); *Rinn v. Transit Cas. Co.,* 322 N.W.2d 357, 358 (Minn.1982); *Gjovik v. Bemidji Local Bus Line,* 223 Minn. 522, 523, 27 N.W.2d 273, 274 (1947). Therefore, in order for the Camachos to recover from TLH's insurer, they must first obtain a judgment against TLH. Because we have determined they cannot do so, the insurance policy in place at the time the house was constructed is not available to provide a remedy. Any remedy giving homeowners access to the dissolved corporation's insurance must come from the legislature.[10]

Affirmed.

---

tutionally abrogate a common law right without providing a reasonable substitute if it is pursuing a permissible, legitimate legislative objective." *Sartori,* 432 N.W.2d at 453.

**10.** We note that if Minn.Stat. § 302A.7291, subd. 3(b), applied to TLH, Minn.Stat. § 302A.781, subd. 2 (2004), might allow the Camachos an extra year in which to file the claim. Specifically, the Camachos can bring the suit against TLH one year after the filing

of the articles of dissolution if they can demonstrate that their failure to file the claim earlier was in good faith. Minn.Stat. § 302A.781, subd. 2. In this case, however, the Camachos filed the claim four years after the filing of the articles of dissolution. Therefore, the Camachos would be barred from bringing the claim even if section 302A.7291, subdivision 3(b), applied, and the outcome of this lawsuit would be the same.