628 S.E.2d 38

**CAPCO OF SUMMERVILLE, INC., Appellant,**

v.

**J.H. GAYLE CONSTRUCTION COMPANY, INC., Respondent.**

No. 26118.

Supreme Court of South Carolina.

Heard Jan. 19, 2006.

Decided Feb. 27, 2006.

138

John H. Tiller, of Haynsworth, Sinkler Boyd, P.A., of Charleston, for Appellant.

Erin DuBose Dean, of Tupper, Grimsley & Dean, P.A., of Beaufort, for Respondent.

Chief Justice TOAL:

Capco of Summerville, Inc. (Capco) appeals an order of the circuit court holding its contribution action against respondent, J.H. Gayle Construction Company (Gayle), was barred by the statute of repose set forth in S.C.Code Ann. § 15–3–640(6) (1986). We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

Capco owns Dixie Plaza Shopping Center in Colleton County. The parking lot of the shopping center was constructed by Gayle and was substantially completed on November 1, 1986. On May 19, 1996, Pauline Conner was involved in an automobile accident with James Hogan in the parking lot of Dixie Plaza. Conner entered a settlement agreement with Hogan for $5000.00. In August 1998, Conner and her husband filed lawsuits against Capco and Gayle, alleging negligent design

and construction of the parking lot. On June 13, 2003, Capco settled the Conners' claims for $500,000.00. Although Gayle did not participate in the settlement, the settlement expressly released Gayle from any liability to the Conners.

On September 22, 2003, Capco filed this contribution action against Gayle. Gayle moved for summary judgment contending Capco's claim was barred by the thirteen year statute of repose set forth in S.C.Code Ann. § 15–3–640(6) (2005), as it was commenced seventeen years after completion of the parking lot. Capco responded, contending the thirteen year statute of repose had been impliedly repealed by the Legislature's adoption of the one-year limitation period set forth in S.C.Code Ann. § 15–38–40(D) of the Uniform Contribution Among Tortfeasors Act. The trial court held § 15–3–640(6) controlled such that Capco's contribution action was barred.

The issue presented by Capco is whether S.C.Code Ann. § 15–3–640(6) was implied repealed by the Legislature's 1988 adoption of S.C.Code Ann. § 15–38–40(D), and whether the two statutes are irreconcilably conflicting. Although we are deeply troubled by the result in this case, we are constrained to hold that the thirteen year period set forth in § 15–3–640(6) controls, such that the trial court properly granted summary judgment to Gayle.

## LAW/ANALYSIS

█ At the time this action was commenced, S.C.Code Ann. § 15–3–640 (1986), provided:

No actions to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property may be brought more than thirteen years after substantial completion of such an improvement. For purposes of this section, an action based upon or arising out of the defective or unsafe condition of an improvement to real property includes:

(6) an action for contribution or indemnification for damages sustained on account of an action described in this subdivision.

However, the Uniform Contribution Among Tortfeasors Act (Contribution Act), S.C.Code Ann. § 15–38–40(D) (2005), which was enacted in 1988, provides that an action for contri-

bution is barred unless a settling tortfeasor has "agreed while action is pending against him to discharge the common liability and has within one year after the agreement paid the liability and commenced his action for contribution."

In this case, Capco settled the pending case with the Conners on June 13, 2003, discharging the liability of both itself and Gayle, and brought this contribution suit three months later, well within the one year time period provided by § 15–38–40(D). However, although the contribution action was commenced within the one-year period set forth in the Contribution Act, it was not brought within 13 years of the substantial completion of the parking lot, as required by § 15–3–640(6). The circuit court, relying upon the Court of Appeals' opinion in *Florence County School District No. 2 v. Interkal, Inc.*, 348 S.C. 446, 559 S.E.2d 866 (Ct.App.2002), held § 15–3–640(6) controlled such that Capco's contribution action was barred. We agree.

In *Interkal*, a school bleacher collapsed in February 1991, injuring a student. The bleachers had been installed in 1969 and 1971. The student sued the school district and Interkal, the manufacturer of the bleachers. The school district settled with the student, then sought contribution from Interkal under S.C.Code Ann. § 15–38–10 et. seq. (the Contribution Act). The Court of Appeals held that "[t]he Statute of Repose bars actions for contribution under the Uniform Contribution Among Tortfeasors Act brought more than thirteen years after the completion of an improvement to real property." 348 S.C. at 453, 559 S.E.2d at 869. We find *Interkal* is clearly dispositive of the issue; accordingly, the trial court properly held the statute of repose applied to bar Capco's action.

Notwithstanding the Court of Appeals' opinion in *Interkal*, Capco asserts the two statutes are irreconcilably conflicting. It contends the statute of repose was repealed by implication by adoption of the one-year period in the Contribution Act. We disagree.

Repeal by implication is disfavored, and is found only when two statutes are incapable of any reasonable reconcilement. *Mims v. Alston*, 312 S.C. 311, 440 S.E.2d 357 (1994). Moreover, the repugnancy must be plain, and if the two provisions can be construed so that both can stand, a

court shall so construe them. *City of Rock Hill v. South Carolina DHEC,* 302 S.C. 161, 167, 394 S.E.2d 327, 331 (1990). Where there is one statute addressing an issue in general terms and another statute dealing with the identical issue in a more specific and definite manner, the more specific statute will be considered an exception to, or a qualifier of, the general statute and given such effect. *Wilder v. South Carolina Hwy. Dep't,* 228 S.C. 448, 90 S.E.2d 635 (1955). *See also Wooten ex rel. Wooten v. S.C. Dep't of Transp.,* 333 S.C. 464, 468, 511 S.E.2d 355, 357 (1999) (a specific statutory provision prevails over a more general one); *Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors Div. of Unidynamics Corp.,* 319 S.C. 556, 558, 462 S.E.2d 858, 859 (1995) (general rule of statutory construction is that a specific statute prevails over a more general one).

A statute of limitations is a procedural device that operates as a defense to limit the remedy available from an existing cause of action. A statute of repose creates a substantive right in those protected to be free from liability after a legislatively determined period of time. *Langley v. Pierce,* 313 S.C. 401, 403–04, 438 S.E.2d 242, 243 (1993). A statute of repose is typically an absolute time limit beyond which liability no longer exists and is not tolled for any reason because to do so would upset the economic balance struck by the legislative body. *Id.* at 404, 438 S.E.2d at 243. A statute of repose is "[a] statute barring any suit that is brought after a specified time since the defendant acted ... even if this period ends before the plaintiff has suffered a resulting injury." *Black's Law Dictionary* 1451 (8th Ed. 2004). "Statutes of repose by their nature impose on some plaintiffs the hardship of having a claim extinguished before it is discovered, or perhaps before it even exists." *Camacho v. Todd and Leiser Homes,* 706 N.W.2d 49, 54, n. 6 (Minn.2005) *citing* W. Page Keeton, et. al., *Prosser and Keeton on the Law of Torts* § 30, p. 168 (5th ed. 1984). As noted by the Virginia Supreme Court, "[a] statute of repose differs from a statute of limitations.... [T]he expiration of the time extinguishes not only the legal remedy but also all causes of action, including those which may later accrue as well as those already accrued." *School Bd. of the City of Norfolk v. U.S. Gypsum,* 234 Va. 32, 360 S.E.2d 325, 327–328 (1987).

The statutes at issue do not irreconcilably conflict. Section 15-3-640(6) is a statute of repose setting forth the outside time period in which an action arising out of the defective condition of an improvement to real property must be brought, which date begins to run from completion of the project. Section 15-38-40(D), on the other hand, is a statute of limitations which governs contribution actions, and begins to run from the date of settling a common liability. We find neither an irreconcilable conflict, nor an implied repeal of section 15-3-640(6).[1]

Moreover, section 15-3-640(6) specifically applies to "an action for contribution or indemnification for damages sustained on account of an action" arising out of the defective or unsafe condition of an improvement to real property. Section 15-38-40(D), on the other hand, applies generally to all contribution actions. Given that section 15-3-640(6) applies not simply to contribution actions, but to this specific class of contribution actions, we find it is the more specific statute and therefore controls. *Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors Div. of Unidynamics Corp.*, 319 S.C. 556, 558, 462 S.E.2d 858, 859 (1995) (general rule of statutory construction is that a specific statute prevails over a more general one). *See also State v. Life Ins. Co. of Georgia*, 254 S.C. 286, 175 S.E.2d 203 (1970) (court will apply a more specific statute of limitations instead of a general one).[2]

---

1. We note that Section 15-3-640 was amended in 2005 and now contains an outside limitation of eight years in which to file suit. Notably, the 2005 amendment did not delete or otherwise amend subsection (6), clearly indicating the legislature did not intend to repeal this subsection. 2005 Act No. 27, § 2, eff. July 1, 2005.

2. Capco asserts this case is analogous to *Southeastern Freight Lines v. City of Hartsville*, 313 S.C. 466, 443 S.E.2d 395 (1994), superseded by statute as stated in *Steinke v. S.C. Dep't of Labor, Licensing and Reg.*, 336 S.C. 373, 520 S.E.2d 142 (1999). In *Southeastern*, we held the Contribution Act, to the extent it provided unlimited pro rata liability for joint tortfeasors, was inconsistent with, and had effectively repealed those portions of the South Carolina Tort Claims Act, S.C.Code Ann. §§ 15-78-100(c) and 15-78 120(a)(1), which required apportioned liability and a limitation on damages against state agencies. *Southeastern* is inapposite. There, the limits on liability in the Tort Claims Act were inconsistent with unlimited pro rata liability. Here, the statutes simply set forth time periods to establish when a claim is barred.

## CONCLUSION

We find Capco's action is time-barred by the thirteen year time-period set forth in § 15–3–640(6). However, we are troubled by the harsh result in the case. As Capco correctly points out, where a lawsuit is filed on the eve of the running of the statute of repose, but is not resolved until after the statute has run, the contribution action will be barred before the right has even accrued, placing an undue burden on a single tortfeasor. This is clearly contrary to the purposes of the Contribution Act, which was to "ameliorate the unfairness vested on all joint tortfeasors by the common law's prohibition against contribution." *Southeastern,* 313 S.C. at 470, 443 S.E.2d at 397. However, although we are troubled by this result, we are not at liberty to rewrite the statutes, and any amendment must come from the Legislature. *Hodges v. Rainey,* 341 S.C. 79, 533 S.E.2d 578 (2000). The trial court's order granting summary judgment to Gayle is affirmed.

**AFFIRMED.**

MOORE, BURNETT, PLEICONES, JJ., and Acting Justice CLYDE N. DAVIS, JR., concur.