# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Andrew Young, Appellant,

v.

Mark Keel, Chief of the South Carolina Law
Enforcement Division, Respondent.

Appellate Case No. 2018-000082

———————

Appeal From Laurens County
Frank R. Addy, Jr., Circuit Court Judge

———————

Opinion No. 5759
Submitted June 1, 2020 – Filed August 19, 2020

———————

**AFFIRMED**

———————

Joseph T. St. Pierre, of Laurens, and Scarlet Bell Moore,
of Greenville, both for Appellant.

Adam L. Whitsett, of the South Carolina Law
Enforcement Division, of Columbia, for Respondent.

———————

**HILL, J.:** In this declaratory judgment action appeal, we must decide whether the expungement of Andrew Young's conviction for Lewd Act with a minor relieves him of the requirement to register as a sex offender. We conclude it does not.

I.

Young was convicted in 1995 pursuant to the Youthful Offender Act (YOA) of Lewd Act with a minor, an offense now codified as Criminal Sexual Conduct with

a minor, S.C. Code Ann. § 16-3-655(C) (2015).  The Sex Offender Registry Act (SORA) became law in 1994, requiring persons convicted of Lewd Act with a minor and certain other sex offenses to register as sex offenders for the remainder of their lives.  S.C. Code Ann. §§ 23-3-400 *et seq.* (2007 & Supp. 2019).  In 2017, Young applied for and received an order expunging his conviction, a remedy authorized at the time by § 22-5-920 of the South Carolina Code (2018), which became law in 2003.  Young then brought this action, requesting an order declaring the expungement excuses him from SORA's registration requirement.  The circuit court denied Young's request, ruling the expungement did not remove Young's obligation to register.  Young now appeals.

## II.

This appeal turns on statutory interpretation, a task we begin afresh, unconstrained by the findings of the circuit court.  *S.C. Dep't of Soc. Servs. v. Boulware*, 422 S.C. 1, 6, 809 S.E.2d 223, 226 (2018).  Young argues a § 22-5-920 expungement relieves him from the duty to register as a sex offender.  Young's argument arises from the intersection of two statutes: § 22-5-920 and § 23-3-430.  Neither references the other. Young does not dispute he received the explicit benefits an expungement under § 22-5-920 confers: destruction of his arrest and conviction records, except for the "nonpublic record of the offense and the date of its expungement" SLED is required to keep to ensure that no person takes advantage of the expungement right "more than once."  § 22-5-920(C).

Section 22-5-920 is silent though, on the question Young brings before us: whether one convicted of an offense requiring sex offender registration must continue to register after his conviction has been expunged.  Section 23-3-430 of SORA lists three classes of persons who are entitled to removal from the registry: (1) a person whose conviction has been reversed, overturned, or vacated on appeal and a final judgment entered; (2) a person who has received a pardon for the offense requiring registration and "the pardon is based on a finding of not guilty specifically stated in the pardon"; and (3) a person who has been granted a new trial after filing "a petition for a writ of habeas corpus or a motion for a new trial based on newly discovered evidence" and "a verdict of acquittal is returned at the new trial or entered with the state's consent."  § 23-3-430(E) to (G).

Although § 23-3-430 lists only three instances when a person convicted of a qualifying offense may be removed from the registry, Young contends the legislature intended for a § 22-5-920 expungement to remove all records related to his conviction and scrub away any stain of it, including any that lingers due to SORA's

registry requirement. Young's argument relies on the interpretive canon *in pari materia* ("in a like matter"), whereby a court may view several statutes relating to the same subject matter (or the same class of persons or things) as one law. *See, e.g., Joiner ex rel. Rivas v. Rivas*, 342 S.C. 102, 109, 536 S.E.2d 372, 375 (2000); 1 W. Blackstone, *Commentaries on the Laws of England* *60 n.54 (14th ed. 1803) ("It is an established rule of construction that statutes *in pari materia*, or upon the same subject, must be construed with reference to each other."). The canon rests on the fiction that when the legislature passes a new statute it is presumed to be aware of existing statutes dealing with the same topic and intends for the statutes to be read together as a seamless, cohesive system. *See generally* 2B *Sutherland Statutory Construction* § 51:2 (7th ed.); *Harrison v. Casey*, 3 S.C.L. (1 Brev.) 390, 391 (1804). According to Young, treating § 22-5-920 *in pari materia* with SORA means that § 22-5-920 exempts a fourth class of persons (offenders whose convictions have been expunged) from the registry requirement.

Like many interpretive canons, *in pari materia* is a tool courts may turn to only when the statutory ground is uncertain. *Rabon v. S.C. State Highway Dep't*, 258 S.C. 154, 157, 187 S.E.2d 652, 654 (1972) (rule of *in pari materia* "may be applied where there is an ambiguity to be resolved and not where, as in this case, the meaning of the statute is clear and unambiguous"). While the text of SORA does not speak to the effect an expungement has on the registry requirement, the text is not unclear or ambiguous. We are mindful that "statutory interpretation begins (and often ends) with the text of the statute in question. Absent an ambiguity, there is nothing for a court to construe, that is, a court should not look beyond the statutory text to discern its meaning." *Smith v. Tiffany*, 419 S.C. 548, 555–56, 799 S.E.2d 479, 483 (2017) (citations omitted). The text of § 23-3-430 plainly lists only three exceptions to the registry requirement, and we hold § 22-5-920 does not, by statutory osmosis, create a fourth for expungement.

Besides, we are not convinced SORA and § 22-5-920 are *in pari materia*. Section 22-5-920 deals with expungements of criminal convictions for YOA first-time offenders, and the scope of the expungement is limited to the destruction of public records of the arrest and conviction and ensuring the confidentiality of the nonpublic records. The scope does not extend to undoing all collateral consequences of the conviction. The focus of SORA, on the other hand, is on a specific collateral consequence directed towards a certain class of sex offenders. It is significant that the registry requirement has been deemed to be a civil, non-punitive public safety regulation and not an additional criminal punishment of the offender. *State v. Walls*, 348 S.C. 26, 31, 558 S.E.2d 524, 526 (2002); *In Interest of Justin B.*, 419 S.C. 575, 580, 799 S.E.2d 675, 677–78 (2017). It is even more significant that the legislature

memorialized the purpose of SORA in the opening section of the Act: "The intent of this article is to promote the state's fundamental right to provide for the public health, welfare, and safety of its citizens. . . . The sex offender registry will provide law enforcement with the tools needed in investigating criminal offenses." § 23-3-400. We distill from this that SORA and § 22-5-920 advance different purposes concerning quite different subjects.

In essence, Young is asking us to hold that § 22-5-920 implicitly repealed SORA's registration requirement as to offenders whose convictions have been expunged. The doctrine of repeal by implication is disfavored, used only as a last resort when two statutes on the same subject matter cannot be rationally reconciled. *Capco of Summerville, Inc. v. J.H. Gayle Constr. Co.*, 368 S.C. 137, 141, 628 S.E.2d 38, 41 (2006). Unless the contradiction is plain and insoluble, courts must construe both statutes in a manner that allows both to stand. *Id.* at 141–42, 628 S.E.2d at 41. As with its cousin *in pari materia*, the rare remedy of implied repeal is unavailable if, as here, the two statutes at issue do not relate to the same topic. *McCollum v. Snipes*, 213 S.C. 254, 268, 49 S.E.2d 12, 17–18 (1948) ("[T]o effect an implied repeal of one statute by another, they must both relate to the same subject, and cover the same situations, since one statute is not repugnant to another unless there is such relation.") quoting 50 Am. Jur. § 554)). We note further that SORA, a comprehensive statute addressing the specific subject of sex offender registration, was not implicitly repealed in part by the later passage of § 22-5-920, a statute directed to the more general subject of expungement and which does not mention or allude to SORA. *Sharpe v. S.C. Dep't of Mental Health*, 281 S.C. 242, 245, 315 S.E.2d 112, 113 (1984) ("It is well established that statutes of a specific nature are not to be considered as repealed in whole or in part by a later general statute unless there is a direct reference to the former statute or the intent of the legislature to do so is explicitly implied therein."). Though it does not affect our decision or Young's expungement, we point out 2018 Act No. 254 amended § 22-5-920 to provide it no longer allows expungement of "an offense for which the individual is required to register in accordance with the South Carolina Sex Offender Registry Act." § 22-5-920(B)(2)(d). This amendment changed rather than clarified § 22-5-920 and, consequently, throws no light on the legislative intent underlying § 22-5-920 at the time Young's conviction was expunged. *Edwards v. State Law Enforcement Div.*, 395 S.C. 571, 577, 720 S.E.2d 462, 465 (2011) (explaining amendment to § 23-3-430 of SORA related to effect of pardon on registration requirement changed rather than clarified existing law, and therefore court could not use amendment to interpret legislative intent of original version of statute).

We therefore hold the expungement of Young's Lewd Act with a minor conviction does not affect his registration responsibilities under SORA.  We decide this case without oral argument pursuant to Rule 215, SCACR.  The ruling of the circuit court is

**AFFIRMED.**

**WILLIAMS and KONDUROS**, **JJ., concur.**