711 S.E.2d 919

Marcus Adrien JAMES and Leon P. James, Appellants,

v.

SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION, a body politic, and the City of Marion, a body politic, Defendants,

Of whom South Carolina Department of Transportation is Respondent.

No. 4835.

Court of Appeals of South Carolina.

Submitted March 1, 2011.

Decided June 1, 2011.

---

Lisa Poe Davis, of Surfside Beach, for Appellants.

Douglas Charles Baxter, of Myrtle Beach, and Jerome Scott Kozacki, of Florence, for Respondent.

CURETON, A.J.

After their expert witness traveled from Ohio to South Carolina for his deposition, Appellants moved to compel the South Carolina Department of Transportation (the Department) to pay the expert's bill for $6,021.10. The circuit court ordered the Department to pay only $2,125. On appeal, Appellants argue the circuit court's decision ignores the mandates of Rules 26(b)(4)(C) and 30(b)(7) of the South Carolina Rules of Civil Procedure and constitutes an impermissible judicial correction of the Department's mistake. We reverse [1] and remand for a determination of a reasonable fee for the expert's travel time and travel expenses.

## FACTS

Following an automobile accident involving a pothole, Marcus James and Leon James (collectively "Appellants") filed an action against the Department and the City of Marion (City) for negligence. Appellants retained James Scherocman of Cincinnati, Ohio, as an expert witness. During discovery, the Department contacted Appellants to schedule Scherocman's telephonic deposition. Scherocman refused to appear telephonically.[2] Subsequently, the Department served a notice of deposition for Scherocman indicating his deposition would proceed at the office of Appellants' counsel. In view of Scherocman's refusal to appear by telephone, Appellants advised the Department that it and the City would be responsible for all fees and costs associated with producing Scherocman in South Carolina. Scherocman appeared and testified for six hours.

A week later, Scherocman provided Appellants with an invoice totaling $6,021.10 for his deposition. The invoice included itemized travel expenses of $631.10 and hourly charges totaling $5,390.[3] When Appellants received Scherocman's bill

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

2. *See* footnote 10.

3. Scherocman's fee request included 15.4 hours of his time at a rate of $350 per hour. His expenses included approximately $363 for air fare,

for his deposition, they transmitted it to the Department and to the City with a request that each pay one-half the amount of the invoice. The Department declined to pay.[4]

Appellants filed a motion to compel the Department to pay Scherocman's bill. Following a hearing, the circuit court ordered the Department to pay $2,125 toward the bill. This figure included $2,100 for the six hours of Scherocman's time that were spent in the deposition at a rate of $350 per hour, plus the $25 witness fee provided in Rule 30(a)(2), SCRCP. The circuit court specifically found Scherocman's refusal to be deposed by telephone caused him to incur the additional fees and costs and Appellants failed to demonstrate good cause why they should recover any additional fees or costs. Accordingly, the circuit court concluded that $2,125 was a "reasonable" amount and that requiring the Department to pay any additional fees or costs "would not be fair, just, reasonable, or equitable." After additional arguments, the circuit court denied Appellants' motion to reconsider. This appeal followed.

## STANDARD OF REVIEW

An issue regarding statutory interpretation is a question of law. *S.C. Coastal Conservation League v. S.C. Dep't of Health & Envtl. Control,* 390 S.C. 418, 425, 702 S.E.2d 246, 250 (2010). "When reviewing an action at law, on appeal of a case tried without a jury, the appellate court's jurisdiction is limited to correction of errors of law." *Epworth Children's Home v. Beasley,* 365 S.C. 157, 164, 616 S.E.2d 710, 714 (2005). The award of costs and fees relating to testimony by an expert witness is a matter within the discretion of the circuit court. *Black v. Roche Biomed. Labs.,* 315 S.C. 223, 230, 433 S.E.2d 21, 25 (Ct.App.1993).

$120 for ground transportation, $50 for meals, and $96 for one night's lodging.

4. Although the record is unclear on this point, it appears the City also did not pay but was no longer a party to this case by the time Appellants filed their motion to compel. The motion to compel sought to recover the full amount of Scherocman's bill from the Department and did not mention the City. The City did not appear at either hearing.

## LAW/ANALYSIS

Appellants argue the circuit court erred in (1) finding Scherocman's travel expenses were not reasonable when Rule 26(b)(4)(C), SCRCP, requires an expert witness to be produced for deposition within South Carolina; (2) ignoring the provision of Rule 30(b)(7), SCRCP, that a deposition may proceed by telephone only if the parties so stipulate or if the court orders it; and (3) impermissibly correcting the Department's contention that Scherocman was entitled to only the $25 per diem witness fee provided in Rule 30, SCRCP. We address these issues together and reverse.

### I. Law Concerning Interpretation of Procedural Rules

 Courts interpreting the South Carolina Rules of Civil Procedure apply the same rules of construction used to interpret statutes. *Maxwell v. Genez*, 356 S.C. 617, 620, 591 S.E.2d 26, 27 (2003). "[C]ivil procedure and appellate rules should not be written or interpreted to create a trap for the unwary lawyer or party...." *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 25, 602 S.E.2d 772, 780 (2004). However, "[t]he language [of a statute] must also be read in a sense which harmonizes with its subject matter and accords with its general purpose." *Hitachi Data Sys. Corp. v. Leatherman*, 309 S.C. 174, 178, 420 S.E.2d 843, 846 (1992).

 "Statutes in apparent conflict should be construed, if possible, to allow both to stand and give effect to each." *Adoptive Parents v. Biological Parents*, 315 S.C. 535, 543, 446 S.E.2d 404, 409 (1994). Generally, when a general statute and a specific statute conflict, the specific statute prevails. *Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors Div. of Unidynamics Corp.*, 319 S.C. 556, 558, 462 S.E.2d 858, 859 (1995).

### II. Law Concerning Rules of Civil Procedure

Rule 26(b)(4) governs the discovery of the opinions of expert witnesses:

Upon the request of the party seeking discovery, unless the court determines otherwise for good cause shown, or the parties agree otherwise, a party retaining an expert who is subject to deposition shall produce such expert in this state

for the purpose of taking his deposition, and the party seeking discovery shall pay the expert a reasonable fee for time and expenses spent in travel and in responding to discovery and upon motion the court may require the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

Rule 26(b)(4)(C), SCRCP.

Rule 30 governs depositions generally and provides depositions conducted by telephone are permitted in South Carolina:

The parties may stipulate in writing or the court may upon motion order that a deposition be taken by telephone. For the purposes of this rule and Rules 28(a), 37(a)(1), 37(b)(1) and 45(d), a deposition taken by telephone is taken at the same place where the deponent is to answer questions propounded to him. The notary before whom the deposition is taken shall be at the same place as the deponent during the taking of the deposition.

Rule 30(b)(7), SCRCP.

### III. Analysis

■ We find the circuit court's award fails to give effect to both Rules 26(b)(4)(C) and 30(b)(7) and unduly burdens Appellants with costs the Department, under the facts of this case, should pay.[5] Initially, we note Rule 26(b)(4)(C) provides two different scenarios, each with a unique payee, in which a deposing party may be required to pay an expert witness's fees. The first provision obligates the party initiating the deposition to pay the expert a reasonable fee for time and expenses spent in traveling and the taking of the deposition.[6]

---

5. This ruling addresses the merits of Appellants' issues concerning Rules 26 and 30. Reversal on those issues makes it unnecessary to reach Appellant's contention concerning judicial correction of the Department's mistake. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

6. *See Peirson v. Calhoun,* 308 S.C. 246, 255, 417 S.E.2d 604, 609 (Ct.App.1992) (wherein this court held the trial court had authority under Rule 26(b)(4)(C) to order the deposing party to pay a reasonable expert witness fee).

The second vests the circuit court with discretion to find the initiating party liable to the producing party for "a fair portion of the fees and expenses reasonably incurred" by the producing party during its own communications with the expert witness.[7] *Id.* Only the former provision, requiring payment to the expert of "reasonable fees and expenses," is at issue here.

■ The circuit court based its decision to limit the Department's liability for Scherocman's fees and expenses solely upon the expert's refusal to give his deposition by telephone. What is "reasonable," then, depends largely upon the expert's and the parties' obligations to one another. Rule 26(b)(4)(C) specifically governs the depositions of expert witnesses and mandates that an expert witness "shall" be produced in South Carolina.[8] Therefore, under Rule 26(b)(4)(C), Appellants were required to produce Scherocman in South Carolina. However, the occurrence of either of two events could override this mandate. *Id.* If the parties agree to an alternate arrangement, the expert witness need not be deposed in South

---

7. We note our version of Rule 26(b)(4)(C) is similar to the pre–1993 version of the federal rule. According to Wright & Miller:

 [U]ntil 1993 Rule 26(b)(4)(C) provided the court discretion to order the discovering party to pay the other party a fair share of the fees and expenses that party incurred in obtaining facts and opinions from a testifying expert.... In 1993 this power was eliminated with respect to testifying witnesses.

 * * *

 The provisions about payment ... are subject to the condition "unless manifest injustice would result."

 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure: Civil* § 2034 (3d ed.2010). South Carolina's rule retains the pre–1993 federal rule language regarding the authority of the court to require the "party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the [other] party in obtaining facts and opinions from the expert." However, we conclude that portion of the rule does not apply to this case because Appellants are not attempting to recover fees and expenses they incurred in obtaining facts or opinions from Scherocman.

8. *But see* Rule 30(a)(2), SCRCP ("A *witness* may be compelled to attend [his deposition] in the county in which he resides or is employed or transacts his business in person, or at such other convenient place as is fixed by an order of the court. A *party* may be compelled to attend in the county in which the subject civil action is pending, or in the county in which he resides or is employed or transacts business, or at such other convenient place as is fixed by an order of the court." (emphasis supplied)).

Carolina. In this case, the parties were unable to reach such an agreement. Similarly, the circuit court may issue an order overriding the location requirement if either party moves for a deviation and demonstrates good cause for not deposing the witness in South Carolina. *Id.* Neither party so moved, and the circuit court issued no such order in this case. Because neither of these events occurred in the case at bar, the requirement that Scherocman appear in person in South Carolina remained intact.

The two rules at issue here do not conflict with regard to the fact that a telephonic deposition is an exception rather than the rule. Consequently, with respect to an in-person deposition versus a telephonic one, we may give effect to both rules without diminishing the coverage of either. *See Adoptive Parents,* 315 S.C. at 543, 446 S.E.2d at 409 ("Statutes in apparent conflict should be construed, if possible, to allow both to stand and give effect to each."). Rule 30(b)(7) offered the parties the option of conducting Scherocman's deposition by telephone as an alternative to conducting it in person, but in no manner did it obligate Appellants to produce Scherocman by telephone without their agreement. Rule 26(b)(4)(C) required Appellants to produce Scherocman in South Carolina and further required that the Department "shall pay [Scherocman] a reasonable fee for time and expenses spent in travel and in responding to discovery." If the Department did not wish to pay the expert witness for his travel time and expenses, it bore the burden of securing another arrangement, either with Appellants or by order of the circuit court.[9] Because the Department's offer to conduct the deposition by telephone failed to result in either an agreement or a court order, the location requirement remained intact. Accordingly, the parties' arguments concerning the motivation for Scherocman's refusal to be deposed by telephone is not dispositive of

---

9. We note the record does not indicate the Department pursued either of these options after Appellants' counsel informed it of Scherocman's refusal to appear telephonically. Instead, at the hearing on Appellants' motion to compel, the Department adopted the position that it owed Scherocman no payment at all beyond the $25 per diem witness fee provided in Rule 30(a)(2). Moreover, the Department dismisses the fact that it might have deposed Scherocman in Ohio and incurred expenses in doing so.

whether or not the expert is entitled to recover for travel time and expenses.[10]

Rules 26 and 30 do conflict with regard to the payment a witness receives for his time. Rule 30(a)(2) fixes the rate for witnesses in general at $25 per day. Rule 26(b)(4)(C) entitles an expert witness to "a reasonable fee" for his time and travel. However, when a general statute and a specific statute conflict, the specific statute prevails. *Atlas Food,* 319 S.C. at 558, 462 S.E.2d at 859. Rule 26 specifically governs only expert witnesses, while Rule 30 concerns all witnesses. In the case at bar, neither party denies Scherocman was an expert witness. Consequently, the reasonable time and expense provision of Rule 26(b)(4)(C) controls here, and the circuit court's award of the $25 daily witness fee provided in Rule 30 was improper and an abuse of discretion.

With the Department's obligation to pay Scherocman "a reasonable fee for time and expenses spent in travel and in responding to discovery" in mind, we arrive at the question of whether the circuit court erred in its determination of the reasonableness of the bill. The language of the rule is unclear as to whether both travel time and travel expenses are compensable, or whether only deposition time and travel expenses are compensable. The construction of the sentence suggests the expert witness should be paid for both time and expenses he "spent in travel and in responding to discovery." If "spent in travel and in responding to discovery" modified "expenses" alone, the expert witness would not be entitled to payment for the time he spent testifying at his deposition. Compensating the witness for the time he spends rendering his expert

---

10. Appellants contend in their brief that the reason Scherocman refused the telephonic deposition was because "the subject matter was complex and involved numerous exhibits." The Department argued at both hearings that Scherocman refused because he wanted a paid vacation to South Carolina or wanted to discuss another case with Appellants' counsel. However, at the reconsideration hearing the court asked Appellants' counsel specifically whether the expert had "other matters to tend to in South Carolina." Counsel's response was, "No, your honor, just this deposition." He responded further that while he and the expert discussed another case while the expert was in South Carolina, there was no reason for the expert to come to South Carolina to discuss that case.

opinion, then, also requires compensating him in some manner for the time he spends traveling.[11]

The circuit court found Scherocman's hourly rate for the six hours he spent in deposition was reasonable but specifically excluded his travel time and travel expenses from consideration because Scherocman refused to give his deposition by telephone. As discussed above, it was incumbent upon the Department to secure either an agreement or a court order requiring Scherocman's deposition by telephone. In failing to do so, the Department accepted its responsibility under Rule 26(b)(4)(C) to pay Scherocman's reasonable travel time and travel expenses. Consequently, the circuit court erred in not considering that portion of the expert witness's bill because he refused to testify by telephone. We reverse the circuit court's exclusion of Scherocman's travel time and travel expenses, as well as the circuit court's imposition of the $25 witness fee, and remand for the circuit court to review Scherocman's bill and determine reasonable amounts for Scherocman's travel time and travel expenses.

## CONCLUSION

We find Rule 30 does not require a party to present its expert witness for deposition by telephone, absent either an agreement by the parties or a court order. We further find the party seeking a deviation from this general rule bears the burden of securing it, either by agreement or by court order. Because the Department failed to seek a court order for a telephonic deposition when Scherocman did not agree, the circuit court erred in considering Scherocman's refusal as the sole basis for denying a reasonable sum for his travel time and travel expenses.

In addition, we find Rule 26 establishes the general rule that the producing party must present its expert witness for deposition in South Carolina unless the parties agree or the court orders otherwise. We further find the same rule commands the deposing party to "pay the expert a reasonable fee

---

11. However, no provision commands that the hourly rate an expert receives for the time he spends in travel must match the hourly rate he receives for testifying. The determination of a reasonable hourly rate for each activity lies within the circuit court's discretion.

for time and expenses spent in travel and in responding to discovery" and that this provision supersedes the general rule providing for a $25 per diem payment for a witness's deposition testimony.[12] Accordingly, this matter is

**REVERSED AND REMANDED.**

THOMAS, J., concurs.

FEW, C.J., dissenting.

I believe the circuit judge's decision should be affirmed in accordance with the well-established rule that "[a] trial judge's rulings on discovery matters will not be disturbed by an appellate court absent a clear abuse of discretion." *Hollman v. Woolfson*, 384 S.C. 571, 577, 683 S.E.2d 495, 498 (2009); *see also Arthur v. Sexton Dental Clinic*, 368 S.C. 326, 333, 628 S.E.2d 894, 898 (Ct.App.2006). In my opinion, the circuit judge committed no error of law, and his ruling is supported by the facts. He therefore ruled within his discretion. *Arthur*, 368 S.C. at 333, 628 S.E.2d at 898 ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."). I respectfully dissent.

Rule 26(b)(4)(C), SCRCP, provides that "unless the court determines otherwise for good cause shown, ... the party seeking discovery shall pay the expert a reasonable fee for time and expenses spent in travel...." The rule requires the circuit court to consider: (1) whether the party opposing payment has shown "good cause," and (2) what is "reasonable," and grants the court discretion to fairly allocate the costs of expert discovery based on the circuit judge's determination of good cause and reasonableness.[13]

---

12. This opinion in no way suggests that parties should not fully cooperate in the area of discovery to ensure that it is obtained in the most efficient, most convenient, and least expensive manner.

13. *See* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure: Civil* § 2034 (3d ed.2010) (stating the comparable federal rule "seeks a fair allocation of expert expenses between the retaining party and the one seeking discovery."). Rule 26(b)(4), SCRCP, is "based on the comparable Federal Rule." Rule 26(b)(4), SCRCP notes. The federal rule provides: "Unless manifest injustice would result, the court must require that the party seeking

The circuit judge did that in this case. Two key facts support his ruling. First, the Department asserted and Appellants conceded that the only reason the deposition took place in South Carolina was the expert unilaterally and without explanation refused to do the deposition over the telephone, insisting instead that he be paid to travel here. At the initial hearing before the circuit court, the judge asked Appellants' lawyer: "What benefit would you have making him come to South Carolina?" The lawyer's answer was simply that "I didn't really have a dog in that fight" and "I had no way to force my expert to do it by phone." Neither statement is true. The lawyer, not the expert, is in charge of the case. Appellants' lawyer was unable to give any reason related to her client's case that the expert needed to travel to South Carolina for the deposition. The only reason given was the expert's unsubstantiated personal preference.

Second, the Department's lawyer stated to the circuit judge at the initial hearing that the expert "indicated to me that he was here not only on this case but also in connection with another case that he had been retained for." Appellants' lawyer did not respond to refute that assertion.[14] At the hearing on Appellants' motion for reconsideration, the Department's lawyer stated: "Mr. Scherocman told me that he had discussed [the other case] in South Carolina with [Appellants' lawyer's] partner." Appellants' lawyer then conceded the accusation was true, stating: "He just happened to do that while he was there. It wasn't like he came specifically for that. He just happened to talk to him while he was there, Your Honor." The circuit judge immediately denied the motion for reconsideration.

---

discovery: (1) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A). . . ." Rule 26(b)(4)(E), Fed.R.Civ.P. The South Carolina rule originally incorporated the "manifest injustice" standard, but was amended in 1986, replacing manifest injustice with "good cause." Rule 26(b)(4), SCRCP notes to 1986 Amendment. Thus, the federal rule allows even less discretion to the trial judge than the South Carolina rule.

14. The bill submitted by the expert supports this assertion, as it includes plane fare after the deposition from Myrtle Beach to Atlanta, not back to Cincinnati.

At the initial hearing on Appellants' motion, the judge stated "I'm not inclined to grant the travel given the facts and circumstances of this case." The written order indicates the expert's refusal to participate by telephone is the primary circumstance the judge considered. However, the judge went beyond the simple refusal by the expert and considered the reasons for the refusal. He considered that Appellants' lawyer could offer no valid reason for the expert's refusal, and that the Department's lawyer demonstrated an invalid reason. This second point is critical. When the circuit judge denied the motion for reconsideration, he had before him information that the expert had insisted on travelling to South Carolina, at least in part, so that he could work on another, unrelated case while he was here. This obviously resulted in a financial benefit to both the expert and to Appellants' lawyer's firm; both received the benefit of the expert's consult on the other case without having to bear the cost of the expert's travel. Under these circumstances, there are facts to support the circuit judge's consideration of good cause and what is reasonable, and thus his determination of how to fairly allocate the expert's expenses.

The circuit judge also committed no error of law. In the beginning of its analysis, the majority states "the circuit court's award fails to give effect to both Rules 26(b)(4)(C) and 30(b)(7) and unduly burdens Appellants with costs the Department should pay." This statement does not describe an error of law. Moreover, the analysis of Rule 30(b)(7) is misplaced. Rule 30(b)(7) does nothing more than permit a deposition to be taken by telephone upon agreement or court order. Rule 30(b)(7), SCRCP notes ("This section permits a deposition by telephone. Although such a deposition is permissible under present rules, this section makes the procedure explicit."). The text of the rule specifically acknowledges its relationship with four other rules of civil procedure, but does not mention Rule 26(b)(4)(C).[15] Rule 30(b)(7) has nothing to do with a circuit court's determination of good cause and what is reasonable and fair under Rule 26(b)(4)(C).

---

15. Rule 30(b)(7), SCRCP ("For the purposes of this rule and Rules 28(a), 37(a)(1), 37(b)(1) and 45(d), . . . .").

I am concerned that the majority's holding that the two rules must be read together conflicts with the practical reality of litigation, and places a tool for abuse into the hands of obstructive lawyers. Plans to depose out-of-state experts are frequently made or revised at the last minute—even days before trial. Requiring lawyers who wish to conduct the deposition by phone to get a court order beforehand or face the payment of an unreasonable expense is likely to encourage abuse and delay trials. It is a common and acceptable occurrence in modern litigation, for example, that an expert's opinion will change slightly or even substantially in the weeks before trial. Lawyers often conduct follow-up depositions by telephone in order to explore these revised opinions and the new or refined evidence upon which they are based. A party seeking to gain a tactical advantage might insist the expert travel to South Carolina for this follow-up despite no legitimate reason for the travel. The approach taken by the majority would require the opposing party to get a court order for a telephone deposition or pay the travel expenses of the expert, regardless of whether the travel is justified. In the weeks before trial it may be difficult or even impossible to schedule a hearing before a circuit judge on such short notice. Knowing this, an obstructionist party may raise the telephone issue in such a manner as to force an opposing party to make a difficult choice on how, or whether, to proceed with a deposition.

In most cases, the circuit court will find at least some of an expert's "expenses spent in travel" to be reasonable. In all cases that decision should be made by a circuit judge, not by this court. In those relatively rare situations in which a circuit judge gives sound reasons for finding that none of the expert's travel expenses are reasonable, as the circuit judge did here, the decision should be upheld.

I would affirm.